### 41559. BORDEN FOODS COMPANY v. DORSEY.

FRANKUM, Judge. 1. "On appeal to the superior court, the findings of the State Board of Workmen's Compensation within its power shall, in the absence of fraud, be conclusive. *Code* § 114-710. The finding of fact of the board, on conflicting evidence, though contrary to the finding made by a single director, is conclusive and binding upon the superior court and upon this court on appeal where there has been no fraud and the board has acted within its power. *Fralish v. Royal Indemnity Co.*, 53 Ga. App. 557 (186 SE 567), and citations." *Fortson v. American Surety Co.*, 92 Ga. App. 625 (1) (89 SE2d 671).

2. Under the foregoing authority an award of the full board denying compensation, made upon review of the award of a single director granting compensation, must be affirmed by the superior court and by this court if there is any evidence to support it, provided the award is not based upon an erroneous legal theory which precluded the consideration by the board of testimony or evidence which, if it had been considered, would have authorized a contrary result. *Fidelity & Cas. Co. v. Hodges*, 108 Ga. App. 474, 475 (133 SE2d 406).

3. The Compensation Act requires that for an injury to be compensable it must not only occur in the course of the em-

ployment but must also arise out of the employment. *Code* § 114-102; *Maryland Cas. Co. v. Peek,* 36 Ga. App. 557 (137 SE 121); *Hartford Acc. &c. Co. v. Cox,* 61 Ga. App. 420, 421 (6 SE2d 189). An injury arises out of the employment when it is apparent to the rational mind that there was a causal connection between the employment and the injury. *Indemnity Ins. Co. v. Bolen,* 106 Ga. App. 684 (2a) (127 SE2d 832). It must appear that the injury resulted from something the employee was doing in the course of his work or from some peculiar danger to which the work exposed him. As was said in *Hartford Acc. &c. Co. v. Cox,* 61 Ga. App. 420, supra, at page 422: " 'There must be a causal connection between the employment and the injury, and the injury must be the *rational* consequence of some *hazard connected with the employment.'* (Italics ours.) The danger to which the employee is exposed may originate either from the employment or outside of it, *if the exposure is peculiar to it.* Corpus Juris, Workmen's Compensation Acts, 74, § 65. 'It is not enough to say that the accident would not have happened if the servant had not been engaged in the work at the time, or had not been at that place. It must appear that it resulted from something he was doing in the course of his work, or from some peculiar danger to which his work exposed him.' 1 Honnold's Workmen's Compensation Law, 320, § 101; 1 Schneider's Workmen's Compensation Law, 737, § 262."

4. In this case, it is not apparent from the award of the full board denying compensation that it was based upon an erroneous legal theory. It may be conceded that the claimant's injury occurred in the course of her employment, in that it occurred after she had arrived on the employer's premises and was proceeding to her place of work at a time when she would reasonably have been expected to be on the premises in order to be at her place of work at the time required. *De-Howitt v. Hartford Fire Ins. Co.,* 99 Ga. App. 147 (2) (108 SE2d 280). But the finding that the injury did not *arise out of* her employment was supported by evidence that she fell while walking along an aisle marked off on the concrete floor of the employer's plant and proceeding to her place of work in another part of the plant; that it appeared to an eyewitness "as though she might have fainted or a muscle give way or something like that and she just kind of went

840

down"; that there was nothing at the place where she fell for her to fall over and that there was nothing but the floor that she could have hit as she fell. This evidence was sufficient to authorize the board to find that there was no causal connection between the injury which she sustained when she fell and her employment, notwithstanding there may also have been evidence authorizing the contrary finding by the deputy director. The board was authorized to find that the claimant's fall resulted from an idiopathic condition, and that the injury she sustained as a result thereof was no greater than it would have been had she suffered a similar fall onto a hard surface at any place other than on the employer's premises. This being so, the judge of the superior court erred in setting aside the award of the full board and in remanding the case for determination of whether the claimant suffered a traumatic injury as a result of her fall and regardless of the cause of the fall.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

Argued October 6, 1965—Decided December 3, 1965— Rehearing denied December 16, 1965.

*King & Spalding, William H. Izlar, Jr.,* for plaintiff in error. *Adair, Goldthwaite, Sanford, Daniel & Horne, T. Henry Daniel,* contra.