48887. STATE DEPARTMENT OF LABOR v. YATES et al. ·

CLARK, Judge.
The widow and dependent minor children of Clayton R. Yates, Jr. filed a claim with the State Board of Workmen's Compensation seeking an award for the

death of their husband and father, an employee of the State Department of Labor who had been assigned to the Economic Opportunity Atlanta program. The Deputy Director ruled favorably to the claimants. This decision was appealed to the full board which affirmed his findings with one board member dissenting. On further appeal to the superior court, the award of the full board was affirmed. In this appeal to our court, the employer asserts the award was contrary to law in that the fatal injury to the employee arose neither in, nor out of, the course of employment as required by Code Ann. § 114-102.

"The terms 'arising out of' and 'in the course of' are not synonymous. The latter term refers to time, place and circumstances under which the accident took place, while an accident 'arises out of employment' when it is apparent to the rational mind, upon consideration of all the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (118 SE 786)." *Hartford Accident &c. Co. v. Cox,* 101 Ga. App. 789, 792 (115 SE2d 452).

The fatal accident was a fall which caused a head injury and death. The employer contends the accident did not arise in the course of employment because it occurred when the employee was out of his office for lunch so that it came within the lunch hour exception. See *American Hardware &c. Ins. Co. v. Burt,* 103 Ga. App. 811 (120 SE2d 797). But evidence was introduced at the hearing that the employee frequently did not take time out for lunch due to the heavy demands made upon him at work; that on the fatal day he had worked through his lunch period; and that late in the afternoon of the day of the accident he was returning from a nearby store from which he had purchased either cookies or crackers during what was neither an unusual nor unauthorized respite. On the basis of these facts the board found that the injury arose in the course of employment and did not fall under the lunch hour exception. "The courts on appeal are bound by the findings of the Board of Workmen's Compensation if supported by any evidence. [Cits.]" *Fox v. Liberty Mut.*

*Ins. Co.,* 125 Ga. App. 285 (187 SE2d 305). See also *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232 (1) (186 SE2d 784) and cits.

Did the accident meet the other requirement which is "arising out of" the employment? The employer asserts that there was no causal relation between the employee's work and the blackout or stroke which resulted in his fall, injury and death. To sustain this contention employer relies on *Borden Foods Co. v. Dorsey,* 112 Ga. App. 838 (146 SE2d 532) in which the employee also suffered an injury resulting from a fall. The board there found that the injury sustained "resulted from an idiopathic condition," and was not causally connected to employment. This court held that such finding by the board was supported by the evidence, and accordingly affirmed the denial of compensation. In the case at bar, however, the board here found that the accident did arise out of the employment. Therefore we must apply the same "any evidence" test as was applied in *Borden Foods Co. v. Dorsey,* supra. Examination of the transcript shows that the building in which the employee worked was very hot and was not air conditioned and that consequently the employee "worked in heat all day long" (R. 16, 17, 184); that he was an exceptionally hard worker, who often went without lunch because of working past the lunch hour and did in fact miss his meal on the day of the accident (R. 18, 185, 191); that such conditions could have caused the employee to blackout and fall (R. 31, 35); and that the fall and injury could have resulted in the employee's death (R. 28, 35). This evidence was sufficient to authorize the board to find that the accident arose out of the course of employment.

The superior court did not err in affirming the board's finding that the injury arose in and out of the course of employment.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1974 — DECIDED FEBRUARY 26, 1974.

*Arthur K. Bolton, Attorney General, Alfred L. Evans,*

*Jr., Assistant Attorney General, Wayne P. Yancey, Deputy Assistant Attorney General,* for appellant.

*Hugh Carney, Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellees.