58408, 58409. NATIONAL FIRE INSURANCE COMPANY et al. v. EDWARDS; and vice versa.

Quillian, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation.

The claimant was injured when a windstorm or tornado struck a building in which he was working. The front wall of the building collapsed and parts of it fell on the claimant.

1. The appellant contends that for the injury to be compensable it must be shown that the claimant was exposed to the risk to a greater degree than the general public in the same vicinity. That is that causative danger must be peculiar to the work and not common to the neighborhood. The appellant cites *Hartford Accident &c. Co. v. Cox,* 61 Ga. App. 420 (6 SE2d 189) as authority for his contention. The appellant's interpretation of the *Cox* case is correct and it holds exactly what he argues. However,

we have determined that the *Cox* case does not set forth the better test to be applied when determining whether an injury which is caused by an Act of God is compensable. Without overruling the *Cox* case, this court in many later decisions has adopted the positional risk theory. This theory is that for the injury to be compensable it is only necessary for the claimant to prove that his work brought him within range of the danger by requiring his presence in the locale when the peril struck, even though any other person present would have also been injured irrespective of his employment. 1 Larson, Workers' Compensation Law §§ 8.12 and 8.30.

In *Lewis Wood Preserving Co. v. Jones,* 110 Ga. App. 689, 693 (140 SE2d 113) it is stated: "While some earlier cases seem to indicate that the causative danger must be peculiar to the work and not common to the neighborhood for injuries to arise out of and in the course of employment (see *Maryland Cas. Co. v. Peek,* 36 Ga. App. 557 (137 SE 121); *Hartford Accident &c. Co. v. Cox,* 61 Ga. App. 420 (6 SE2d 189)), later cases have been somewhat more liberal, saying that, 'to be compensable, injuries do not have to arise from something peculiar to the employment.' *Fidelity &c. Co. of N. Y. v. Barden,* 79 Ga. App. 260, 262 (54 SE2d 433). 'Where the duties of an employee entail his presence (at a place and a time), the claim for an injury there occurring is not to be barred because it results from a risk common to all others . . . unless it is also common to the general public without regard to such conditions, and independently of place, employment or pursuit. *New Amsterdam Casualty Co. v. Sumrell,* 30 Ga. App. 682 (118 SE 786) cited in *Globe Indemnity Co. v. MacKendree,* 39 Ga. App. 58 (146 SE 46).' *McKiney v. Reynolds &c. Lumber Co.* 79 Ga. App. 826, 829 (54 SE2d 471)." The test applied in the *Jones* case, and the authorities cited approvingly therein, is the sounder test to be applied and is adopted by this court.

Subsequent to the *Cox* and *Peek* cases this court has declined to follow them and has held contrary to the test set out in those decisions. However, this court has allowed them to remain and by not overruling them has placed the bench and bar in the untenable position of having conflicting authorities in this area of the workers'

compensation law.

We feel that there is a duty upon this court to overrule those cases with which we do not agree and do not follow. Therefore, *Hartford Accident &c. Co. v. Cox,* 61 Ga. App. 420, supra, *Maryland Cas. Co. v. Peek,* 36 Ga. App. 557, supra, and any other decisions of this court which hold that the danger must be peculiar to the work and not common to the neighborhood for injuries to arise out of and in the course of the employment are overruled.

The judgment of the superior court in Case No. 58408 is affirmed.

2. In Case No. 58409 the claimant appeals from the denial of attorney fees on the grounds that the case was not defended on reasonable grounds. In view of that which is stated in Division 1 of this opinion the denial of attorney fees was proper.

*Judgments affirmed in Case Nos. 58408 and 58409. Deen, C. J., McMurray, P. J.; Smith, Shulman, Banke, Birdsong, Underwood and Carley, JJ., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED NOVEMBER 2, 1979 — REHEARING DENIED NOVEMBER 27, 1979 IN CASE No. 58408.

*James E. Humes, II, Hugh Smith,* for National Fire Ins. Co. et al.
*Forrest L. Champion, Jr.,* for Edwards.