72235. CITY OF ATLANTA v. SHAW.
(345 SE2d 642)

SOGNIER, Judge.

Mary Shaw, a water plant operator employed by the City of At-

lanta, sought workers' compensation benefits for injuries sustained during a fight with a co-employee. The administrative law judge's denial of Shaw's claim was reversed by the State Board of Workers' Compensation (Board) upon de novo review of the record. The Superior Court of Fulton County affirmed the Board. We granted the City of Atlanta's application for discretionary review.

Appellant contends the trial court erred by affirming the Board's award in favor of appellee because appellee's injuries were the result of a personal dispute with a co-employee and therefore are not compensable under the Workers' Compensation Act (Act). OCGA § 34-9-1 (4) defines "injury" for purposes of the Act as "injury by accident arising out of and in the course of the employment. . . ." Specifically excluded from this definition is "injury caused by the willful act of a third person directed against an employee for reasons personal to such employee. . . ." Id.

Whether the fight resulting in appellee's injuries occurred for "reasons personal to" her, thereby excluding those injuries from workers' compensation coverage, depends upon whether the injuries arose out of and in the course of appellee's employment with appellant. *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 861 (298 SE2d 528) (1982). A careful review of the record reveals no evidence that the dispute between appellee and her co-worker was anything other than a personal one. Although the evidence is conflicting as to whether it was appellee or her co-worker who initiated the physical fight, it is uncontroverted that the verbal disagreement between the two which led to the fight concerned their use of appellant's telephone for their respective personal calls. It is also uncontroverted that there was a history of personal animosity between appellee and her co-worker. Appellee was not performing "tasks required by or incidental to her employment" at the time she sustained her injuries, so that her injuries therefore did not arise out of the course of her employment. Id. at 861. Further, appellee would have been equally exposed to the hazard of incurring such injuries apart from her employment and thus her injuries did not arise out of her employment with appellant. Id. at 862. See also *Kight v. Liberty Mut. Ins. Co.*, 141 Ga. App. 409, 410 (233 SE2d 453) (1977). *Parker v. Travelers Ins. Co.*, 142 Ga. App. 711 (236 SE2d 915) (1977), cited by appellee, is distinguishable on its facts.

We recognize that we are bound to affirm an award of the Board if there is any evidence to sustain it. *St. Regis &c. Corp. v. Helm*, 172 Ga. App. 251, 254 (4) (322 SE2d 549) (1984). However, because there is no evidence that appellee's injuries arose out of and in the course of her employment with appellant, the superior court erred by affirming the Board's award of compensation to appellee. See OCGA § 34-9-1 (4). Therefore, the judgment of the superior court is reversed with

direction that this case be remanded to the Board for further action consistent with this opinion. See *Hall v. West Point Pepperell*, 133 Ga. App. 24, 26 (209 SE2d 659) (1974).

*Judgment reversed with direction. Banke, C. J., and Birdsong, P. J., concur.*

Decided May 9, 1986 —
Rehearing denied May 21, 1986 —

*Marva Jones Brooks, George R. Ference*, for appellant.
*Susan E. Lowe, Charles B. Zirkle, Jr.*, for appellee.