## 74438. WALSH CONSTRUCTION COMPANY et al.
## v. HAMILTON.
### (363 SE2d 301)

BEASLEY, Judge.

We granted employer, Walsh Construction Company, and insurer, Georgia Insurance Company, discretionary review of an order of the superior court upholding an award of the State Board of Workers' Compensation in favor of claimant Hamilton. The sole issue on appeal, which was the prominent issue below, is whether or not Hamilton's injury arose out of and in the course of his employment and is thereby compensable.

Hamilton's injury occurred in the "change shack," a building where the employer's workers gathered before they started work. The dimly lit structure was approximately three blocks from the "turnstile," and when the employees came to work early, they assembled in the shack after clocking in. The morning of Hamilton's injury it was cold and the group was in the shack. Hamilton asked one of the workers for some of his breakfast and another worker, Mitchell, admonished Hamilton for "coming in here begging every morning." Hamilton told Mitchell it was not any of his affair; when Hamilton turned his back, Mitchell grabbed him, "ran" him into the wall, fell on top of him and broke his leg. Hamilton and some co-workers initially gave a false account of how the injury happened. One worker told the truth and because of it Mitchell got into a fight with the man. Subsequently, Hamilton and Mitchell were fired.

The ALJ found that Hamilton's injury occurred when he "turned his back on Mitchell and Mitchell playfully grabbed him and threw him to the ground and fell on his leg . . . ," that "[w]hile 'horseplay' is certainly not compensable, if a person is minding his own business and is attacked from behind by someone else engaging in 'horseplay' then it is compensable," and that "there was a lot of kidding that went on in the 'shack.'" The ALJ concluded that the injury did arise out of and in the course of employment and that claimant was entitled to compensation.

Appellants contend that this situation is controlled by *City of Atlanta v. Shaw*, 179 Ga. App. 148 (345 SE2d 642) (1986), in which case the employee sought benefits for injuries she sustained during a fight with a co-employee. Shaw's injuries were held to be the result of a personal dispute with a co-employee and therefore not compensable under OCGA § 34-9-1 (4), which specifically excludes "injury caused by the willful act of a third person directed against an employee for reasons personal to such employee." The focus is whether or not a claimant's injuries occurred for "'reasons personal to'" him or her, thereby not arising out of and in the course of the employment. Id. at 149. In other words, where injury results from attack by a co-em-

ployee on a claimant, the attack must be work-related rather than for personal reasons, in order for the injury to be compensable. See *State of Ga. v. Purmort*, 143 Ga. App. 269 (1) (238 SE2d 268) (1977).

There was no evidence that the incident between Hamilton and Mitchell grew out of anything other than a personal situation, i.e., Mitchell's taking issue with what he perceived as Hamilton's continual begging for others' food. Hamilton argues that the reasoning in *Shaw* is inapplicable in his case because the evidence shows that there was no fight or argument between Mitchell and himself, as there was between the co-workers in *Shaw*, but rather that he was an innocent employee injured in the course of his employment by horseplay instigated by a fellow employee.

Even if claimant's contention that Mitchell was merely engaging in horseplay was supported by the record, this would not help him because by his own testimony Hamilton participated at least by way of a verbal exchange with Mitchell. See *Kight v. Liberty Mut. Ins. Co.*, 141 Ga. App. 409, 410 (233 SE2d 453) (1977); *Baird v. Travelers Ins. Co.*, 98 Ga. App. 882 (107 SE2d 579) (1959).

The proper analysis is gleaned from the *Shaw* case. Hamilton "was not performing 'tasks required by or incidental to [his] employment' at the time [he] sustained [his] injuries, so that [his] injuries therefore did not arise out of the course of [his] employment. [Cit.]" Id. at 149. The men were waiting to begin work, and breakfast itself was a purely personal undertaking. The activity being engaged in when the injury occurred was unrelated to the employment and did not have its origin in the employment. Furthermore, even apart from his employment, Hamilton would have been equally exposed to the hazard of incurring such injuries. Id.; *Kight v. Liberty Mut. Ins. Co.*, supra at 410. Likewise, there is no evidence that Hamilton's presence was required in the change shack. See *National Fire Ins. Co. v. Edwards*, 152 Ga. App. 566 (1) (263 SE2d 455) (1979).

The lack of evidence that claimant's injuries arose out of and in the course of his employment renders erroneous the lower court's affirmance of the Board's award to claimant. The judgment is reversed with direction that the case be remanded to the Board for action conforming to this opinion.

*Judgment reversed with direction. Birdsong, C. J., Deen, P. J., Banke, P. J., Carley, Sognier, and Pope, JJ., concur. McMurray, P. J., and Benham, J., dissent.*

McMurray, Presiding Judge, dissenting.

The seminal issue in this case is whether claimant's injury arose out of the course of employment. (That the injury arose in the course of employment is not contested. See in this connection *General Accident Fire &c. Corp. v. Worley*, 86 Ga. App. 794 (72 SE2d 560).) The

majority takes the position that claimant's injury did not arise out of the course of employment because the willful acts of Mitchell were directed against claimant for purely personal reasons. OCGA § 34-9-1 (4). I cannot agree. It is well settled that "the injury of an innocent employee in the course of his employment by the horseplay of a fellow employee, in which the injured employee did not participate, arises out of the employment and nothing more appearing, is compensable." *American Mut. &c. Ins. Co. v. Benford*, 77 Ga. App. 93, 98 (47 SE2d 673). See also *Commercial Constr. Co. v. Caldwell*, 111 Ga. App. 1, 3 (140 SE2d 298), wherein this court held that Code Ann. § 114-102 (now OCGA § 34-9-1 (4)) "was not intended to exclude compensation where the animosity of an assailant, which results in injury to an employee, begins while the employee is on the job for his employer *under circumstances where the employee does nothing to justify the animosity at the time and does nothing subsequently to provoke its continuance or aggravate it*." The full board found that claimant was injured by the horseplay of Mitchell and that claimant did not participate in the horseplay. In view of these facts, claimant was entitled to compensation. *American Mut. &c. Ins. Co. v. Benford*, supra.

*City of Atlanta v. Shaw*, 179 Ga. App. 148 (345 SE2d 642), is not apposite. In that case, claimant was injured when she fought with a co-employee. In the case sub judice, on the other hand, it was determined that claimant was "minding his own business" when he was "attacked from behind."

As I would affirm the judgment of the superior court which affirmed the award of the full board I respectfully dissent.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED NOVEMBER 6, 1987 —
REHEARING DENIED NOVEMBER 30, 1987 —

*David H. Hanks*, for appellants.
*Jack E. Boone, Jr., Joseph R. Neal*, for appellee.