A89A0830, A89A0831. LABELLE v. LISTER; and vice versa.
(385 SE2d 18)

DEEN, Presiding Judge.

Appellant/cross-appellee Melanie Labelle and appellee/cross-appellant Tammy Lister are both employed by Brown & Williamson Tobacco Company in Macon, Georgia, and both had been working the 11:00 p.m.-7:00 a.m. shift when the incident which underlies the instant appeal took place. Both parties completed their shift, left the building where both worked, entered the adjacent company-maintained parking lot, and, after pausing momentarily to discuss an upcoming private social event, entered their vehicles and prepared to leave the parking lot. Ms. Lister's automobile struck Ms. Labelle's pick-up truck at approximately 7:08 a.m., according to the security guard on duty, with the result that Ms. Labelle's arm was broken.

Ms. Labelle filed a complaint against Ms. Lister seeking compensation for her injury. The latter answered, denying any negligence and citing as defenses, *inter alia*, plaintiff's negligence; comparative negligence; legal accident; and the immunity of a fellow servant under workers' compensation law. The complaint was subsequently amended to include a claim for loss of income.

Ms. Lister moved for summary judgment under OCGA § 34-9-11, which deals with the exclusivity of workers' compensation as the remedy for injuries among fellow employees. The brief supporting the motion noted, *inter alia*, that Ms. Labelle had filed a claim with the State Board of Workers' Compensation in connection with the incident. Labelle contended, in response to the motion, that genuine issues of material fact precluded summary adjudication, and the trial court thereafter entered an order denying the motion on the basis urged by Ms. Labelle.

Shortly before trial, Ms. Labelle filed a motion *in limine* prohibiting the defendant from introducing any evidence to the effect that Ms. Labelle had said the collision was unavoidable. Ms. Lister filed a motion *in limine* to exclude evidence tending to establish that after the collision Ms. Lister had stated that she was at fault and that her insurance would cover the damage.

The jury, obviously concerned about the workers' compensation aspect of the case (the foreman had sent the court a note asking for clarification of certain workers' compensation considerations, and the jury's initial verdict had read, "For workers' compensation"), returned a verdict for defendant Lister. Ms. Labelle appealed, and Ms.

Lister filed what she designates as a "protective cross-appeal." Ms. Labelle enumerates as error, in Case No. A89A0830, certain evidentiary rulings and jury instructions. Ms. Lister's sole enumeration in Case No. A89A0831 is that the trial court erred in denying her motion for directed verdict on the fellow-servant tort immunity defense. She contends that a reversal of this ruling would in effect render moot most, if not all, of appellant/cross-appellee's enumerations. *Held*:

1. It is well settled that when an injury arises out of and in the course of employment, the employee's sole remedy is against the employer, pursuant to OCGA § 34-9-11. It is also well settled that the period of employment generally includes a reasonable time for ingress to and egress from the work station. *Knight-Ridder Newspaper Sales v. Desselle*, 176 Ga. App. 174 (335 SE2d 458) (1985). In *West-Point Pepperell v. McEntire*, 150 Ga. App. 728 (258 SE2d 530) (1979), this court affirmed the applicability of workers' compensation law in the case, holding at 729 that the parking lot was a part of the employer's premises and that an employee "remains in the course of . . . employment" during a reasonable time for egress. In *United States Cas. Co. v. Russell*, 98 Ga. App. 181, 184 (105 SE2d 378) (1958), the court found 30 minutes between automobile and work station "not an unreasonable time." In the instant case it is undisputed that both parties left their work stations at 7:00 a.m. and that the security guard was notified of the collision at 7:08 a.m. — or well within the "reasonable time" contemplated by the cited decisions.

OCGA § 9-11-50 (a) provides that a verdict "shall be directed" when "there is no conflict in the evidence as to any material issue and the evidence . . . shall demand a particular verdict." Applying the "any evidence" standard, we find that the evidence did not authorize a directed verdict for appellant/cross-appellee Labelle. Thus as a matter of law the Workers' Compensation Act works in the instant case to preempt any tort claims that otherwise might lie.

2. Having found preemption under the Workers' Compensation Act, Division 1, supra, we do not address the parties' remaining enumerations of error.

*Judgment affirmed in Case No. A89A0830; Case No. A89A0831 dismissed. Birdsong, J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

While I completely concur with the resolution of these appeals, I believe it is important to recognize that in determining whether the injury arose out of and in the course of employment, there are factors to be considered other than just the time sequence in which the injury occurred. Such factors may include whether the site of the injury was the only means of the employee's ingress and egress. (*DeHowitt v. Hartford Fire Ins. Co.*, 99 Ga. App. 147 (108 SE2d 280) (1959));

whether there was a causal connection between the employment and the injury (*Borden Foods Co. v. Dorsey*, 112 Ga. App. 838 (3) (146 SE2d 532) (1965); *Employers Ins. Co. v. Bass*, 81 Ga. App. 306 (58 SE2d 516) (1950)); or whether a personal deviation has broken the link with employment (*Chandler v. General Accident &c. Corp.*, 101 Ga. App. 597 (114 SE2d 438) (1960)). Thus, "[w]hat constitutes a reasonable interval depends not only on the length of time involved but also on the circumstances occasioning the interval and the nature of the employee's activity." 1 A Larson's Workmen's Compensation Law, 5-42, § 21.60.

DECIDED JULY 12, 1989 —
REHEARING DENIED JULY 25, 1989

*Dozier, Akin & Lee, L. Z. Dozier*, for appellant.
*Jones, Cork & Miller, Wallace Miller III*, for appellee.