## A95A2467. PRUDENTIAL BANK et al. v. MOORE.
(467 SE2d 7)

BEASLEY, Chief Judge.

The appellants Prudential Bank and its insurer appeal the trial court's reversal of the denial of benefits to claimant Moore by the appellate division of the State Board of Workers' Compensation.

Claimant was employed as a computer clerk with Prudential. When her supervisor noted that there were numerous errors in her work, claimant explained that these errors were related to vision problems. Shortly thereafter, claimant had a fall at work, apparently from fainting, and hit her head on the baseboard. She alleges suffering diplopia (double vision), headaches, neck pain, and carpal tunnel syndrome as a result of the fall. The administrative law judge made an award in favor of Prudential, finding that the idiopathic fall did not arise out of claimant's employment, and therefore she was not entitled to workers' compensation benefits. The ALJ also found that she failed to prove that any disability she suffered was causally connected to the accident. The appellate division disputed a factual finding relating to claimant's supervisor testifying at the administrative hearing, but it affirmed the finding that the fall did not arise out of claimant's employment and that benefits would not be awarded, citing *Borden Foods Co. v. Dorsey*, 112 Ga. App. 838 (146 SE2d 532) (1965). Claimant appealed to the superior court, which agreed that *Borden* was controlling. Nevertheless, it disagreed with the appellate division's application of *Borden* to the facts, reversed the decision and remanded the case.

1. Injuries from idiopathic falls on the job generally are not afforded coverage under the Workers' Compensation Act, since they do not arise out of the employment although they occur in the course of employment. OCGA § 34-9-1 (4). *Borden Foods Co.*, supra at 838. There is a narrow exception when, in the process of the idiopathic fall, the claimant strikes some object specifically related to the work place, such as a work bench, machinery or equipment, because of the "increased risk" caused by the presence of the work-related object. *United States Cas. Co. v. Richardson*, 75 Ga. App. 496, 500 (43 SE2d 793) (1947). Claimant maintains the *Richardson* decision compels that she be compensated in that her idiopathic fall was not directly to

the floor, but was interrupted by hitting her head on the baseboard, which she maintains was an increased risk of her employment. Claimant's attempt to contrast hitting one's head on a floor baseboard as opposed to hitting the floor directly makes a distinction without a difference. Neither is compensable as an accident arising out of her employment, because a baseboard — like a floor — is a structural hazard that the claimant is equally exposed to apart from her employment.[1] An accident does not arise out of employment when it " 'cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work. . . . [Cit.]' [Cit.]" *A & P Transp. v. Warren*, 213 Ga. App. 60, 62 (443 SE2d 857) (1994). A wall and baseboard is not peculiar to the employment and thus does not fit the exception to non-coverage.

2. Because of our holding in Division 1 that the superior court erred in reversing the appellate division, it is unnecessary to rule on appellants' other enumeration.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 17, 1996 — 

*Savell & Williams, Mark S. Gannon, Vincent A. Toreno*, for appellants.

*Drew, Eckl & Farnham, Charles L. Drew*, for appellee.

---

[1] *Richardson* is also distinguishable from this case in that the state board there affirmed a specific factual finding that the seizure claimant suffered had been caused by on-the-job exertion as opposed to an idiopathic cause. Id. at 498.