### A99A0424. HULBERT v. DOMINO'S PIZZA, INC.
(521 SE2d 43)

BARNES, Judge.

Alan Lee Hulbert appeals from the superior court's order affirming the denial of his workers' compensation claim. The State Board of Workers' Compensation administrative law judge denied Hulbert's claim because he concluded that Hulbert failed to prove by a preponderance of the evidence that the accident and injury arose out of or in the course of his employment, and this award was adopted by the appellate division of the State Board of Workers' Compensation. As we find the burden of proof placed on Hulbert by the ALJ exceeded that established by law, and the evidence in support of Hulbert's claim was sufficient to meet his burden of showing that his injury arose out of and in the course of his employment, we reverse.

Hulbert, a delivery man for Domino's Pizza in Griffin, testified he was returning from a pizza delivery when he pulled over to the side of the road in response to a vehicle with a flashing blue light. He testified he recalled getting out of his vehicle and approaching some-

one he assumed to be a police officer, but a bright light shining in Hulbert's face prevented him from seeing what the person looked like.

Hulbert asked what was wrong and the person responded, "Take this." As Hulbert turned to return to his vehicle, he was doused with gasoline and set on fire. He put out the fire by rolling on the ground, and then he drove back to Domino's. When he arrived, he said "pulled over" and "blue lights" to a co-worker and passed out after an ambulance arrived.

Hulbert regained consciousness in a hospital over two months later. He had received second and third degree burns to 50 percent of his body, most severely on the back of his legs. Despite a thorough investigation, the police never charged anyone for the incident.

When Hulbert sought workers' compensation benefits, Domino's controverted the claim on the ground that the injury did not arise out of Hulbert's employment. Domino's suggested four possible explanations for the injury: (1) the incident was an act of violence directed at Domino's; (2) the incident was a random act of violence; (3) the incident was an act of revenge perpetrated against Hulbert; and (4) the injury was self-inflicted. The first two possibilities would be compensable, but the last two would not.

At the hearing, Domino's produced evidence supporting its claim that the last two explanations precluded an award of benefits to Hulbert. To show the incident could have been an attack of revenge against Hulbert personally, the company presented evidence that Hulbert pled guilty to sexual battery against the child of his wife's brother five years earlier. He told police before the assault that he had been followed, and after the assault that his brother-in-law could be responsible, although the police concluded the evidence was insufficient to charge the brother-in-law.

Second, to show Hulbert may have injured himself, the company called the investigating police officer, who testified that he found Hulbert's eyeglasses, cigarette lighter, and driver's license at the scene, but no tire tracks or other evidence showing another vehicle was present when Hulbert was burned.

Both sides presented expert psychological testimony suggesting that Hulbert was or was not capable of self-immolation. Both sides also presented expert fire investigators who testified that Hulbert's burn patterns did or did not indicate that he had set himself on fire. Further, the medical director of the hospital's burn center, who treated Hulbert, testified that Hulbert's burn pattern was not consistent with the usual pattern of self-inflicted burns. Finally, Domino's argued that robbery clearly was not the motive for the assault because Hulbert remembered no demand for money and the police found more than $500 cash in the truck.

In support of his claim, Hulbert introduced evidence that Griffin was a high crime area, and that people in that area have thrown rocks at Domino's employees. He also introduced evidence that Domino's delivery persons have been the target of violent assaults in other areas of the country.

Hulbert asserted that he had suffered an "unexplained accident," and was entitled to the presumption that the accident arose out of and in the course of his employment. The ALJ disagreed, holding that the "unexplained accident" presumption only applies when the employee has died. The ALJ then held that Hulbert failed to meet his burden of proving that the accident arose out of or in the course of his employment and denied compensation. Both the State Board of Workers' Compensation appellate division and the superior court affirmed the ALJ on this theory.

1. As we find that Hulbert otherwise proved that his injuries arose out of and in the course of his employment, we need not consider the unexplained accident presumption to decide this appeal.

2. In workers' compensation cases, the claimant has the burden of proving that he suffered an accidental injury which arose out of and in the course of his employment. *Publishers Circulation Fulfillment v. Bailey*, 215 Ga. App. 136, 137 (449 SE2d 645) (1994). We are satisfied that, in the conditions of his employment, Hulbert's uncontradicted testimony that he was returning to Domino's after having delivered a pizza when he was the victim of an unprovoked attack by an unidentified person for unknown reasons was sufficient to meet this burden. Nothing in our workers' compensation law requires that, as part of this burden, an employee must disprove all possibilities that the injury did not arise out of and in the course of his employment. The theories which Domino's argued as part of Hulbert's burden to prove that his injuries arose out of his employment are really affirmative defenses and not part of a claimant's initial burden.

Here, the parties stipulated that Hulbert's injuries arose in the course of his employment: Hulbert was on duty returning from a pizza delivery. Therefore, the sole issue is whether the injury *arose out of* Hulbert's employment. " 'The words "arising out of the employment" refer to the causal connection between the employment and the injury.' " (Citation omitted.) *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607, 608 (271 SE2d 739) (1980).

> The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his

contract of service. . . . The injuries, however, need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury.

(Citations and punctuation omitted.) *Employers Ins. Co. &c. v. Wright*, 108 Ga. App. 380, 382 (133 SE2d 39) (1963).

Applying these principles in this case, pizza delivery persons are exposed to dangers through the nature of their employment and the routine conditions in which they work. They travel alone, at all hours, typically in marked vehicles, potentially carrying large sums of money, and come in contact with all types of unknown people. Hulbert was fulfilling these duties at the time of his injury, and these conditions are peculiarly conducive to the type of incident in which Hulbert was injured. Therefore, we find the danger sufficiently connected with Hulbert's duties to constitute a risk incidental to his employment. *Maxwell v. Hosp. Auth. of Dade &c. Counties*, 202 Ga. App. 92, 94-95 (413 SE2d 205) (1991).

Under these circumstances, we find the conditions of Hulbert's employment did not merely provide the time and place for the assault, but increased the risk of attack, and subjected him to a danger peculiar to his employment. Therefore, this assault arose out of Hulbert's employment within the purview of the Workers' Compensation Act. *City of Atlanta v. Madaris*, 130 Ga. App. 783, 786 (3) (204 SE2d 439) (1974); *McDonald v. State Hwy. Dept.*, 127 Ga. App. 171, 176 (2) (192 SE2d 919) (1972).

Hulbert having proved that his injury arose out of and in the scope of his employment, the burden shifted to Domino's to prove that either Hulbert's injuries were intentionally self-inflicted (OCGA § 34-9-17 (c); *Home Indem. Co. v. White*, 154 Ga. App. 225, 226 (1) (267 SE2d 846) (1980)), or they were caused by an attack for reasons personal to Hulbert. See OCGA § 34-9-17; *Cornell-Young (Macon Pre-Stressed Concrete Co.) v. Minter*, 168 Ga. App. 325, 327 (309 SE2d 159) (1983) (the employer has the burden of proof when raising an affirmative defense).

The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation is essential to a party's case or defense, the proof of such negation or negative affirmation lies on the party so affirming it.

OCGA § 24-4-1. Moreover, Domino's was required to establish its affirmative defenses by a preponderance of the evidence. *Borden Co. v. Dollar*, 96 Ga. App. 489, 490-491 (100 SE2d 607) (1957). Mere speculation and conjecture in the form of *possible* inconsistent theories for *possible* causes of Hulbert's injuries, as a matter of law, are not sufficient to carry this burden and cause the burden of persuasion to shift to Hulbert to rebut these allegations. Circumstantial evidence that equally supports two theories proves neither. *Overstreet v. Metro. Life Ins. Co.*, 69 Ga. App. 459, 460 (26 SE2d 115) (1943). For instance, under Domino's rationale, a mere bare allegation that a claimant was injured by an unidentified assailant for unknown reasons personal to the claimant would require the claimant to prove that he never did anything to make anyone mad at him at anytime before the attack. That is not our law.

Accordingly, we find the superior court erred by affirming the workers' compensation award that required Hulbert to disprove the affirmative defenses alleged, but not proved, by Domino's. Because Hulbert's evidence was sufficient to prove that his injuries arose out of and in the course of his employment and the ALJ made no findings of fact to the contrary, the judgment of the superior court is reversed and the case is remanded to the superior court with direction to remand the case to the State Board of Workers' Compensation for further proceedings consistent with this opinion.

*Judgment reversed and remanded with direction. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 15, 1999 —
RECONSIDERATION DENIED JULY 29, 1999

*Kilpatrick Stockton, Ted H. Clarkson, Mark B. Williamson, David M. Zacks*, for appellant.

*Donahue, Hoey, Rawls, Skedsvold & Richards, Kevin O. Skedsvold, Dana F. McBride, Traci D. Teer*, for appellee.

*Gardner, Willis, Sweat & Goldsmith, Robert D. Goldsmith, Nathan C. Levy*, amici curiae.