A00A1553. BETTS et al. v. MEDCROSS IMAGING CENTER, INC. et al.

(542 SE2d 611)

PHIPPS, Judge.

Michelle Antionette Betts, Kathy T. Cochran, Jason Han, Kara Nicole Mills and Denyne Rasheal Williams are former employees of MedCross Imaging Center, Inc. They brought an action against Med-Cross, MedCross's owner and his wife for intentional infliction of emotional distress. They claim that the trial court erred by granting summary judgment against them and ruling that their claims are barred by the exclusivity provisions of the Georgia Workers' Compensation Act. We find that the trial court ruled correctly and affirm.

MedCross is a Georgia corporation owned and operated by Dr. Kuo Lam Lee, a radiologist. Josefina M. Lee, his wife, assists in paying bills, making deposits and bookkeeping at MedCross. Appellants were employed by MedCross at its Norcross radiology facility.

Appellants claim that they resigned from MedCross because they learned that they had been exposed to excessive levels of radiation "due to [d]efendants' intentional refusal to install federally mandated lead shielding." They also claim that they should have been provided with dosimeter badges to measure the levels of radiation to which they were exposed daily. They claim to have suffered extreme anxiety and severe depression as a result of the allegedly hazardous exposure, but admit that they have not yet suffered any physical injury.[1] Based on their alleged radiation overexposure, appellants

---

[1] Betts claims that she has experienced hair loss as a result of her radiation exposure, but acknowledges that it is not a physical injury within the meaning of the Workers' Compensation Act.

filed notices of claim with the Georgia State Board of Workers' Compensation.

The trial court granted the motion for summary judgment filed by MedCross and the Lees on two grounds: (1) the exclusive remedy doctrine of the Georgia Workers' Compensation Act bars appellants' claims against MedCross and the Lees, and (2) the appellants' damages are too remote, speculative and tenuous to sustain a recovery. Although appellants assert seven separate claims of error, their claims can be distilled into three distinct issues.

1. Appellants argue that the Workers' Compensation Act does not provide the exclusive remedy for their claims against MedCross because their claims for intentional infliction of emotional distress are not covered by the provisions of the Workers' Compensation Act.

OCGA § 34-9-11 (a) provides that the rights and remedies of an employee under the Workers' Compensation Act against his or her employer for a work-related injury exclude all other remedies at common law or otherwise for such injury, loss of service or death. The Workers' Compensation Act defines injury or personal injury as "injury by accident arising out of and in the course of the employment," but excludes "injury caused by the willful act of a third person directed against an employee for reasons personal to such employee."[2]

Psychological injury, not preceded by or accompanied by physical injury, is not compensable under the Workers' Compensation Act.[3] But whether injuries are compensable under the Act is not determinative of whether the exclusivity provision is applicable.[4] " 'That an injury [arising out of and in the course of employment] is not compensable under the act does not necessarily mean that it is not within the purview of the act.' [Cit.]"[5]

Where the act of the employer is not an accident arising out of and in the course of employment and where a reasonable remedy is not provided by the Workers' Compensation Act, the exclusivity provision does not apply.[6] Georgia courts have held that intentional torts cannot be considered accidents arising out of and in the course of employment.[7] Georgia courts also have established a rule that "even

---

[2] OCGA § 34-9-1 (4).

[3] *Abernathy v. City of Albany*, 269 Ga. 88 (495 SE2d 13) (1998).

[4] *Boulware v. Quiktrip Corp.*, 226 Ga. App. 399, 400 (486 SE2d 662) (1997); see also *Venable v. John P. King Mfg. Co.*, 174 Ga. App. 800, 803 (331 SE2d 638) (1985) (where the Act is applicable, it provides exclusive remedy against employer; whether employee actually wins compensation is irrelevant).

[5] (Emphasis omitted.) *Boulware*, supra.

[6] *Griggs v. All-Steel Bldgs.*, 209 Ga. App. 253, 257 (433 SE2d 89) (1993).

[7] Id. at 255 (fraud is not an accident and the damages resulting therefrom do not arise out of or in the course of employment); *Potts v. UAP-GA. AG. CHEM.*, 270 Ga. 14, 16 (506 SE2d 101) (1998) (Workers' Compensation Act provides no reasonable remedy for employer's fraud or intentional infliction of emotional distress which does not arise in the course of

if an employer's wilful failure to furnish a safe workplace for his employees results in an injury to those employees, their only recourse is under the Workers' Compensation Act."[8]

But the rule most applicable to appellants' claims is found in *Johnson v. Hames Contracting*:[9] the exclusivity provisions of the Workers' Compensation Act bar "claims grounded on an intentional tort, which indirectly but essentially seek redress based on current *or future* physical injury arising from the alleged . . . exposure to [radiation] at the [clinic]."[10] In *Johnson*, a painter sought redress for nonphysical injuries associated with his exposure to asbestos. The court held that the employee's claims, which were based on the employer's intentional misconduct, were barred by the exclusivity provisions of the Workers' Compensation Act because they essentially sought redress based on the potential for current or future physical injury.[11]

Appellants' nonphysical injuries — extreme anxiety and severe depression — stem solely from their concern about future physical injury caused by excessive exposure to radiation. Because their claims for intentional infliction of emotional distress essentially seek redress based on the potential for future physical injury, we find that they are subject to the exclusivity provisions of the Workers' Compensation Act.

*Oliver v. Wal-Mart Stores*[12] is distinguishable. There, a Wal-Mart employee was accused of taking a ten-cent cup of ice without paying for it and received counseling from her manager. Following the incident, she filed suit and asserted claims of slander and intentional infliction of emotional distress. The *Oliver* court held that her only injuries were purely nonphysical, not compensable under the Act and therefore not subject to the exclusivity provisions.[13] The court distinguished *Bryant v. Wal-Mart Stores*[14] because it involved a situation where nonphysical injuries were connected to physical injuries. Here, unlike *Oliver*, appellants' claims are inextricably linked to their claims of future physical injury.

Appellants argue that the emotional injuries they have suffered from excess radiation exposure are not "injuries," as defined by the

---

employment; because alleged fraud did not arise in the course of employment, workers' compensation was not the exclusive remedy).

 [8] (Citations and punctuation omitted.) *Boulware*, supra.
 [9] 208 Ga. App. 664, 667-668 (4) (a), (c) (431 SE2d 455) (1993).
 [10] (Emphasis in original omitted and supplied.) Id. at 667; see also *Zaytzeff v. Safety-Kleen Corp.*, 222 Ga. App. 48, 52 (473 SE2d 565) (1996) (claim for psychological injuries held inextricably linked to workers' compensation claim for physical injury).
 [11] *Johnson*, supra.
 [12] 209 Ga. App. 703, 704 (434 SE2d 500) (1993).
 [13] Id.
 [14] 203 Ga. App. 770, 772 (1) (417 SE2d 688) (1992).

Workers' Compensation Act, because the Lees wilfully refused to correct the problems at the clinic for reasons personal to the appellants — a desire for greater profits and a reckless indifference to the appellants' welfare. To determine if their injuries occurred for reasons personal to appellants, we must consider whether those injuries arose out of and in the course of their employment.[15]

An injury arises within the course of employment "when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto."[16] Appellants admit that their injuries arose in the course of their employment with MedCross while performing their duties at the Norcross clinic.

An injury arises out of the employment when, considering all the circumstances, there is "a causal connection between the conditions under which the work is required to be performed and the resulting injury."[17] Under this test,

> if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.[18]

Appellants' employment with MedCross placed them in a working environment where they were susceptible to at least some exposure to radiation. To fulfill their duties, appellants were required to be physically present at the Norcross clinic, which they claim resulted in excessive radiation exposure. Appellants would not have been exposed to the same level of radiation apart from their employment at MedCross. Under the circumstances, we find that appellants' injuries, if any, arose out of their employment.

Because we conclude that the injuries appellants allege arose out of and in the course of their employment and not for reasons personal to appellants, the exclusive remedies for their claims are under the

---

[15] *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 861 (298 SE2d 528) (1994).
[16] (Citation omitted.) Id.
[17] (Citation omitted.) Id. at 862.
[18] Id.

Workers' Compensation Act.[19]

2. Appellants argue that even if their claims against MedCross are barred, they should be able to proceed against the Lees.

Dr. Lee's knowledge of the allegedly hazardous condition was based on his active involvement in the operation of MedCross. Whatever breach of duty he may have committed with respect to the operation of the Norcross clinic was committed while acting as an "alter ego" of the corporation.[20] Accordingly, he cannot be labeled a third-party tortfeasor, and a separate action against him is precluded by OCGA § 34-9-11.[21]

The bar of the exclusivity provision of the Workers' Compensation Act "also applies to intentional torts committed by one worker against a co-worker, unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business."[22] If Josefina Lee wilfully exposed appellants to excessive levels of radiation for reasons personal to appellants, the bar would not apply. As discussed in Division 1, the acts were not unrelated to the conduct of the employer's business. Thus, the bar also applies to appellants' claims against Josefina Lee.

3. Based on our conclusions in Divisions 1 and 2, we do not address appellants' argument that the trial court erred by ruling that their claims were too remote, speculative and tenuous to sustain a recovery.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 21, 2000 — 

*Leslie E. Stewart*, for appellants.
*Drew, Eckl & Farnham, Lawrence L. Bennett, Jr.*, for appellees.

---

[19] See *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994).
[20] *Vaughn v. Jernigan*, 144 Ga. App. 745, 746 (242 SE2d 482) (1978).
[21] Id.
[22] *Webster v. Dodson*, 240 Ga. App. 4, 6 (522 SE2d 487) (1999).