A02A0428. JOHNSON v. PUBLIX SUPERMARKETS et al.
(568 SE2d 827)

BARNES, Judge.

On November 11, 1999, while working as a cashier at the Houston County Publix Supermarket, Martha Johnson fell as she was hurrying down a store aisle. Johnson fractured her leg in the fall and subsequently filed a claim for workers' compensation benefits.

The administrative law judge ruled that Johnson's injuries arose out of her employment and awarded her income and disability benefits. The ALJ's award was affirmed by the Appellate Division of the State Board of Workers' Compensation. On appeal, however, the Superior Court of Houston County reversed the Board's decision. This court granted Johnson's application for discretionary review, and we reverse.

The superior court and this court must affirm the decision of the Board if any evidence supports it.

> On appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight of the evidence or the credibility of the witnesses. [Cit.]

*Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997). Further, in reviewing a workers' compensation award, we must construe the evidence in the light most favorable to the prevailing party. *Hallisey v. Fort Howard Paper Co.*, 268 Ga. 57, 59 (1) (484 SE2d 653) (1997).

The ALJ and Board found that Johnson's injury was compensable. The parties stipulated the facts, including the fact that Johnson was in the scope and course of her employment when she fell, but Publix argued that her fall did not "arise out of" her employment. The stipulated facts show that the grocery store was closing in 30 minutes, and Johnson locked but did not close out her cash register so she would be available to check out customers if needed. She then reshelved items and, with her supervisor's permission, picked up some personal items. She was walking quickly and looking ahead for items left on the floor, as all Publix employees were encouraged to do,

when she fell and broke her leg. The ALJ and Board concluded that the fall arose out of her employment and was therefore compensable.

In reversing the Board's decision that Johnson's injury was compensable, the superior court found two cases dispositive: *Borden Foods Co. v. Dorsey*, 112 Ga. App. 838 (146 SE2d 532) (1965), and *Prudential Bank v. Moore*, 219 Ga. App. 847 (467 SE2d 7) (1996). It further held:

> As [with] the claimant in *Borden Foods*, Appellee was walking at the time of the fall; she did not fall over anything and she only hit the floor when she fell. "[T]he injury she sustained as a result [of the fall] was no greater than it would have been had she suffered a similar fall onto a hard surface at any place other than on the employer's premises." *Borden Foods*, supra at p. 840. The floor "is a structural hazard that the claimant is equally exposed to apart from her employment. An accident does not arise out of employment when it 'cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work. . . .'" *Prudential Bank*, supra at p. 848.

The superior court then concluded that "there was simply no evidence for the Board to conclude that Appellee's injuries were the result of anything other than an idiopathic fall which, by definition, did not arise out of Appellee's employment."

"Physical contact with some object is not necessary in order for the employee to sustain an accident within the meaning of the Work[ers'] Compensation Law." *Orkin Exterminating Co. v. Wright*, 92 Ga. App. 224, 225 (88 SE2d 205) (1955).

*Borden Foods* held that a compensable injury must result from some peculiar danger to which the work exposed the employee, citing *Hartford Accident &c. Co. v. Cox*, 61 Ga. App. 420 (6 SE2d 189) (1939). This court subsequently held, however, that, "to be compensable, injuries do not have to arise from something peculiar to the employment," and overruled *Hartford* "and any other decisions of this court which hold that the danger must be peculiar to the work." (Punctuation omitted.) *Nat. Fire Ins. Co. v. Edwards*, 152 Ga. App. 566 (263 SE2d 455) (1979). Instead, "[w]here the duties of an employee entail his presence (at a place and a time), the claim for an injury there occurring is not to be barred because it results from a risk common to all others . . . ," (punctuation omitted) id. at 567, a concept that came to be known as the "positional risk doctrine." While subsequent cases have cited *Borden Foods* for the proposition that there must be a causal connection between the employment and

the injury (such as the special concurrence in *Labelle v. Lister*, 192 Ga. App. 464 (385 SE2d 118) (1989)), its requirement of a "peculiar danger" is no longer good law and was overruled by *Nat. Fire Ins. Co. v. Edwards*, supra, 152 Ga. App. 566.

In fact, Judge Ruffin's recent opinion in *DeKalb Collision Center v. Foster*, 254 Ga. App. 477, 480 (562 SE2d 740) (2002), notes that the "positional risk doctrine" set out by the whole court in *Nat. Fire Ins. Co. v. Edwards* has been inconsistently applied, citing the decision in *Prudential Bank v. Moore*, supra, among others.

Under the "positional risk doctrine," Johnson's claim is compensable. If she had not been working, she would not have been hurrying through the aisles so she could be available to check out more customers if needed. She would not have been on the lookout for items left on the floor, as her employer expected. This evidence supports the ALJ's conclusion that the fall arose out of Johnson's employment.

At any rate, the "positional risk doctrine" has not been used before to present additional barriers to an employee who falls at work. See, e.g., *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001) (Act applies to fall in parking lot). Rather, the doctrine has been used to address situations outside the work norm. See, e.g., *Nat. Fire*, supra (tornado caused a wall to fall on an employee); *DeKalb Collision Center*, supra (employee died in a fight); *Booth v. Essex Ins. Co.*, 231 Ga. App. 542 (498 SE2d 528) (1997) (employee murdered by a resident in an alcohol recovery residence); *Olde South Custom Landscaping v. Mathis*, 229 Ga. App. 316 (494 SE2d 14) (1997) (employee injured when stopped to assist stranded motorists); *Walsh Constr. Co. v. Hamilton*, 185 Ga. App. 105 (363 SE2d 301) (1987) (employee injured in fight before work began).

Additionally, the decision in *Prudential Bank*, which relies heavily on *Borden Foods*, incorrectly states that *U. S. Casualty v. Richardson*, 75 Ga. App. 496 (43 SE2d 793) (1947), stands for the proposition that an idiopathic fall is compensable only when the claimant strikes a work-related object. While the claimant there did strike a work-related object, the court noted with approval that "a majority of the courts, American and English, hold that, if the injury was due to the fall, the employer is liable, even though the fall was caused by a pre-existing idiopathic condition." (Punctuation omitted.) Id. at 500.

Based on the foregoing, we therefore overrule *Prudential Bank v. Moore*, supra, 219 Ga. App. 847, because it relied on *Borden Foods*, which was overruled in substance before *Prudential Bank* was decided, by *Nat. Fire Ins. Co. v. Edwards*, supra, 152 Ga. App. 566.

The appellees argue strenuously that no evidence supports the ALJ's factual conclusions that Johnson fell because of "the natural slipperiness of the terrazzo" floor, and that was slippery even when not waxed as this floor was. The ALJ held that Johnson's injury was

compensable because she was on a "slick surface" when she fell. The parties stipulated, however, that the store manager said the floor was not slippery at the time of the fall, and no evidence shows otherwise. Whether or not this observation was within the realm of common knowledge, it is a red herring, and unnecessary to a finding that Johnson's injury is compensable. Even without it, "any evidence" supports the finding that the fall arose from Johnson's work, based simply on the fact that Johnson was hurrying to do her job when she fell.

"A liberal construction must be given to effectuate the humane purposes for which the Workers' Compensation Act was enacted." (Citations and punctuation omitted.) *Travelers Ins. Co. v. Southern Electric*, 209 Ga. App. 718, 719 (1) (434 SE2d 507) (1993). Therefore we reverse the judgment of the superior court.

*Judgment reversed. Eldridge, Miller, Ellington, Phipps and Mikell, JJ., concur. Blackburn, C. J., Johnson, P. J., and Smith, P. J., concur in the judgment only. Pope, P. J., Andrews, P. J., and Ruffin, J., dissent.*

POPE, Presiding Judge, dissenting.

I appreciate the majority's efforts to clarify the law on this issue, and thus agree that to the extent *Prudential Bank v. Moore*, 219 Ga. App. 847 (467 SE2d 7) (1996), could be construed as relying upon the "peculiar risk" doctrine, it should be overruled. This Court has determined that the appropriate test for determining whether an incident arises out of employment under the Workers' Compensation Act is instead the "positional risk" doctrine. *Nat. Fire Ins. Co. v. Edwards*, 152 Ga. App. 566, 568 (1) (263 SE2d 455) (1979). But I must respectfully dissent from the majority opinion because I do not believe that Johnson would be entitled to compensation under that doctrine.

Although the administrative law judge drew very definite conclusions about the condition of the Publix terrazzo flooring, there was no evidence in the record to support these conclusions. There was no evidence regarding the nature of terrazzo flooring, the methods of cleaning or the slickness of its surface relative to other flooring. In fact, the only evidence regarding the state of the flooring was that it had been waxed at some unknown point in time and the store manager's uncontradicted opinion that it was not slippery at the time of the fall. It is apparent that the ALJ drew the conclusions regarding the properties of terrazzo flooring from independent knowledge or experience.

While a trial judge is entitled to take judicial notice of certain matters, such notice is limited to matters that are indisputably of common knowledge:

Under Georgia law, courts may take judicial notice of "matters of public knowledge . . . without the introduction of

proof." [OCGA § 24-1-4.] The rule permits courts to judicially notice "that which is within the knowledge of most men. The test is (1) whether the fact is one of common, everyday knowledge that all men of average intelligence are presumed to know, and (2) whether it is certain and indisputable."

(Footnotes omitted.) *SEC, Inc. v. Puckett*, 252 Ga. App. 422, 425 (555 SE2d 198) (2001). I cannot say that the natural properties of terrazzo flooring in comparison with other flooring surfaces noted by the ALJ are within the common, everyday knowledge of the average man or that those properties are certain and indisputable. Compare, e.g., *Wilkinson v. Rich's, Inc.*, 77 Ga. App. 239, 244 (1) (48 SE2d 552) (1948) (finding that it is a matter of common knowledge that rugs have a tendency to slip).

Nor do I find that the ALJ's conclusions fall under the "common sense rule" of presumptive evidence defined under OCGA § 24-1-1 (6) and upon which Johnson relies. See *Tierce v. State*, 122 Ga. App. 845, 849 (178 SE2d 913) (1970) (Evans, J., concurring specially). The only evidence regarding the state of the terrazzo flooring on the day of the accident was the manager's opinion that it was *not* slippery; thus, the evidence does not support the ALJ's presumption that it was. See generally *Keating v. Dept. of Natural Resources*, 140 Ga. App. 796, 799 (3) (232 SE2d 84) (1976). Accordingly, the superior court could properly find that there was no evidence to support the ALJ's findings that the fall was caused specifically by the slickness of the flooring.

The issue then becomes whether the ALJ and the appellate division nevertheless correctly concluded that Johnson's fall arose out of her employment, entitling her to compensation. To be compensable under the Workers' Compensation Act, an injury must occur in the course of the employment and must also arise out of the employment. OCGA § 34-9-1 (4). Publix concedes that the fall occurred in the course of Johnson's employment,[1] but disputes that it arose out of her employment.

"An injury arises out of the employment when, considering all the circumstances, there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." (Citation and punctuation omitted.) *Betts v. Med-Cross Imaging Center*, 246 Ga. App. 873, 876 (1) (542 SE2d 611) (2001). Here, Johnson has the burden of showing the causal connec-

---

[1] The term "in the course of" employment refers to "time, place and circumstances under which the accident took place." (Punctuation omitted.) *State Dept. of Labor v. Yates*, 131 Ga. App. 71, 72 (205 SE2d 36) (1974).

tion. *Hulbert v. Domino's Pizza*, 239 Ga. App. 370, 372 (2) (521 SE2d 43) (1999). To make that connection Johnson was required to show that the causative hazard was

> incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. The injuries, however, need not arise from something peculiar to the employment. . . .

(Citation and punctuation omitted.) Id. at 372-373 (2).

The "positional risk doctrine" adopted by this Court provides that "[w]here the duties of an employee entail his presence (at a place and a time), the claim for an injury there occurring is not to be barred because it results from a risk common to all others *unless it is also common to the general public without regard to such conditions, and independently of place, employment or pursuit.*" (Citations and punctuation omitted; emphasis supplied.) *Nat. Fire Ins. Co. v. Edwards*, 152 Ga. App. at 567 (1).

In reviewing the record, the superior court concluded that there was no evidence to show that Johnson's "injuries were the result of anything other than an idiopathic fall which, by definition, did not arise out of [her] employment." The term "idiopathic" is defined as "arising spontaneously or from an obscure or unknown cause" or as "peculiar to the individual." Merriam Webster's Collegiate Dictionary (10th ed. 1993). Here, there is no evidence to show what caused the fall other than the manager's statement that Johnson said that she had tripped over her own feet. Although Johnson denied making such a statement, there is no evidence to connect the cause of the fall to the floor, or to any other aspect of Johnson's employment.

Under the positional risk doctrine, an employee must show that the work brought him into the range of danger:

> This theory is that for the injury to be compensable it is only necessary for the claimant to prove that his work brought him within range of the danger by requiring his presence in the locale when the peril struck, even though any other person present would have also been injured irrespective of his employment.

*Nat. Fire Ins. Co. v. Edwards*, 152 Ga. App. at 567. But where, as here, there is no evidence that the fall resulted from any cause that could not have happened anywhere, under any conditions, at any

time, there is no causal connection. Thus, I would affirm the decision of the superior court because Johnson failed to show any causal connection between her work and her injuries.

I am authorized to state that Presiding Judge Andrews and Judge Ruffin join in this dissent.

DECIDED JULY 16, 2002

*Boston Passante, Russell M. Boston, Lauren L. Benedict*, for appellant.

*Schenck & Associates, Michael H. Friedman*, for appellees.