S93G1813. HENNLY v. RICHARDSON et al.
S93G1841. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION
OF VALDOSTA, INC. v. RICHARDSON et al.
(444 SE2d 317)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals to decide whether Richardson's claims are barred under the Workers' Compensation Act (the Act) and whether Richardson fails to meet the definition of "handicapped individual" under the Georgia Equal Employment for the Handicapped Code (GEEHC). We answer both questions in the affirmative and reverse.

In 1987, Jim Hennly, the vice president of First Federal Savings and Loan Association (First Federal) and a pipe smoker, began working in an office close to the desk of Bonnie Richardson, a receptionist/switchboard operator at First Federal. Richardson has severe reactions to pipe smoke, and while the frequency and intensity of her exposure to Hennly's pipe smoke are disputed, it is undeniable that at the time of her termination by First Federal Richardson was experiencing physical illness because of the smoke.

Subsequently, Richardson filed suit against First Federal, challenging her termination under the GEEHC; in addition, she sued First Federal and Hennly for battery and intentional infliction of emotional distress, and sued Hennly for interference with contractual relations. Hennly's motion for summary judgment was granted with respect to the claims of battery and intentional infliction of emotional distress, and denied with respect to the claim of interference with contractual relations. First Federal's motion for summary judgment was denied. The Court of Appeals consolidated the two cases on appeal and held that Richardson's claims were not barred under the Act, that Hennly was not entitled to summary judgment on the claims of battery and intentional infliction of emotional distress, and that Richardson met the definition of "handicapped individual" under the GEEHC.

1. The Workers' Compensation Act in Georgia is intended to have broad application so as to cover a wide variety of injuries and

the pain and suffering incident to such injuries. *Southern Wire &c. v. Fowler*, 217 Ga. 727, 729 (124 SE2d 738) (1962). There are, however, exceptions to this broad coverage. Injuries "caused by the willful act of a third person directed against an employee for reasons personal to such employee" are excluded. OCGA § 34-9-1 (4). We agree with Hennly and First Federal that the Court of Appeals erred in holding the foregoing exclusion applies in this case.

Whether an injury occurred due to "reasons personal to" Richardson depends on whether her injury arose out of and in the course of her employment by First Federal. *Murphy v. ARA Services,* 164 Ga. App. 859, 861 (298 SE2d 528) (1982). An injury arises "in the course of" employment when it occurs within the period of the employment, at a place where the employee may be in performance of her duties and while she is fulfilling or doing something incidental to those duties. Id. An injury arises "out of" the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury. Id. at 861-862. The injuries of which Richardson complains began and occurred while she was at her place of employment during the regular work day and were the result of the conditions under which she worked. First Federal did not have a policy restricting or prohibiting smoking. Thus, Richardson, while working at First Federal, was in a "smoking" rather than a "smoke-free" environment. Hennly's smoking was a part of that work environment, rather than an act directed at Richardson personally.[1] Accordingly, we find that the injury to Richardson arose in the course of and out of her employment and that the exclusive remedies for her claims of battery and intentional infliction of emotional distress are under the Georgia Workers' Compensation Act.

2. First Federal also maintains that it was entitled to summary judgment on Richardson's claim that it violated the GEEHC, OCGA § 34-6A-1 et seq., because Richardson does not meet the definition of "handicapped" under that statute. We agree.

---

[1] While there was testimony, as the dissent points out, that Hennly intentionally directed actions at Richardson, such evidence is merely incidental to the gravamen of Richardson's complaint. Richardson complains, not that her injury was the result of a specific act directed at her by Hennly, but rather that her injury resulted from the cumulative effects of prolonged exposure to the tobacco smoke. Our focus must be on the injury of which Richardson complains, i.e., medical problems stemming from an unsafe and injurious work environment; though Hennly's actions may have been, on occasion, intentional, those actions, when viewed in the context of the complaint and the broad scope of OCGA § 34-9-1, are insufficient to take this claim out from under the coverage of the Act. See, e.g., *Southern Wire &c. v. Fowler,* supra at 731; *Garrett v. K-Mart Corp.,* 197 Ga. App. 374, 376 (398 SE2d 302) (1990). Clearly, her complaint, if proven, would support a workers' compensation claim; hence, a tort remedy is not available.

OCGA § 34-6A-2 (3) defines "handicapped individual" as "any person who has a physical or mental impairment which substantially limits one or more of such person's major life activities, and who has a record of such impairment." OCGA § 34-6A-2 (8) defines "substantially limits" as meaning "that the impairment so affects a person as to create a likelihood that such person will experience difficulty in securing, retaining, or advancing in employment because of a handicap." The language of the GEEHC is similar to that of the Rehabilitation Act of 1973, 29 USC § 701 et seq.[2] In dealing with the issue of whether an impairment "substantially limits" an individual's ability to secure or retain employment, the federal courts have stated that "[t]he inquiry is . . . whether the particular impairment constitutes for the particular person a significant barrier to employment." *Forrisi v. Bowen*, 794 F2d 931, 933 (4th Cir. 1986). The courts look to several factors to determine if the individual's ability to secure employment has been substantially limited, including the number and types of jobs from which the impaired individual is excluded, to what geographical area the applicant has reasonable access, and the individual's own job expectations and training. *E. E. Black, Ltd. v. Marshall*, 497 FSupp. 1088 (D. Hawaii 1980); *Jasany v. U. S. Postal Svc.*, 755 F2d 1244 (6th Cir. 1985). It is well-settled that an inability to perform a particular job for a particular employer is insufficient to establish a handicap; the impairment must substantially limit employment generally. *Byrne v. Bd. of Ed.*, 979 F2d 560, 565 (7th Cir. 1992).[3]

Though we are not bound by the federal cases in our resolution of this issue, *Reynolds v. Reynolds*, 217 Ga. 234, 243 (123 SE2d 115) (1961), we find the reasoning of those cases persuasive and hold that Richardson is not a "handicapped individual" under the GEEHC.

---

[2] 29 USC § 706 (8) (B) defines "handicapped individual" as
any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such impairment, or (iii) is regarded as having such an impairment.
The fact that the necessary qualifications for satisfying the definition of "handicapped individual" in the Georgia Code are set forth in the conjunctive rather the disjunctive, as is the case with the federal statute, and the fact that under Georgia law a person who is regarded as being handicapped even though he is not actually physically or mentally handicapped is not handicapped for purposes of this statute, indicates that the definition under Georgia law is not as broad as that under federal law.

[3] Some of the courts considering this issue have reached this conclusion on the grounds that an impairment which affects only a particular job is not "substantially limiting." See, e.g., *de la Torres v. Bolger*, 610 FSupp. 593, 596 (N.D. Tex. 1985). ("An impairment that interferes with an individual's ability to do a particular job, but does not significantly decrease that individual's ability to obtain satisfactory employment otherwise is not 'substantially limiting' for purposes of the Rehabilitation Act.") One state supreme court, interpreting a state statute with language like that in the Georgia statute, has based its decision on the "major life activity" language. *Salt Lake City Corp. v. Confer*, 674 P2d 632 (Utah 1983). ("In the context of the [Utah employment discrimination] statute the privilege of working in one particular job for one particular employer cannot be a 'major life activity.' ")

There is no evidence that Richardson's sensitivity to pipe smoke will create a likelihood that she will have difficulty securing, retaining or advancing in employment with employers other than First Federal, and Richardson has admitted that she does not expect that to be the case. As Richardson's impairment does not affect her ability generally to secure employment, she does not meet the statutory definition of a "handicapped individual."

*Judgment reversed. All the Justices concur, except Sears-Collins, J., who dissents.*

SEARS-COLLINS, Justice, dissenting in part.

While I concur in Division 2, I do not agree with Division 1 of the majority opinion. The majority concludes that "Hennly's smoking was a part of [Richardson's] work environment, rather than an act directed at Richardson personally," majority opinion at 356, and, accordingly, her exclusive remedy is under the Workers' Compensation Act, OCGA § 34-9-11 (a). I agree that Hennly's smoking would probably not be actionable in tort if it was not directed at Richardson personally, especially as First Federal was not a smoke-free work place. However, I do not believe that the question of whether Hennly directed his acts at Richardson personally was properly resolved on summary judgment.

The Court of Appeals has held that

[t]he issue of whether an injury arises out of and in the course of employment and hence is compensable under the workers' compensation law is a mixed question of fact and law. The finder of fact must first hear all the relevant evidence concerning the injury and, after finding the facts with regard thereto, render a conclusion of law on whether it was job-related.

*Utz v. Powell*, 160 Ga. App. 888, 889 (288 SE2d 601) (1982).

This is true when the question of whether an injury is job-related and hence arises as an affirmative issue in a workers' compensation case . . . [and] when the issue of compensability under workers' compensation law as a bar to recovery arises defensively in a tort action, where the normal procedure is for the jury to find facts and then to apply to those facts the law as given by the trial court in its instructions.

(Citations omitted.) Id.

The record in this case reveals some evidence that Hennly's smoking was directed at Richardson personally, and for reasons unrelated to Richardson's "performance of [her] work-related duties."

*Lindsey v. Winn Dixie Stores,* 186 Ga. App. 867, 868 (1) (368 SE2d 813) (1988). For example, there is evidence that Hennly knew of Richardson's serious adverse reactions to his pipe smoke and intentionally treated Richardson differently from other employees by harassing her, flaunting her inability to do anything about his acts because of her inferior position, and even blowing his pipe smoke directly in her face. Therefore, I would hold that there is a genuine issue of material fact with respect to whether Richardson's injuries were "caused by the willful act of a third person directed against an employee for reasons personal to such employee," OCGA § 34-9-1 (4), and that the trial court erred in granting summary judgment on that issue.

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 14, 1994.

*Young, Clyatt, Turner, Thagard & Hoffman, Robert M. Clyatt, Daniel C. Hoffman,* for Hennly.

*Zimring, Ellin & Miller, Jonathan A. Zimring,* for Richardson.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, C. George Newbern, Edward F. Preston,* for First Federal.