Boggs, Judge.
We granted claimant Pamela Chambers’ discretionary application in this workers’ compensation case because it appeared that additional precedent in this area would benefit the bench and bar, and for a review of the entire record to ensure that the facts supported the Board’s findings. After considering the record, including the claimant’s testimony, and given the deferential standard of review, the Board’s finding that Chambers’ injury was not compensable because it was “idiopathic” — that is, not “arising out of” her *404 employment — was supported by some evidence and therefore must be affirmed.
When reviewing awards in workers’ compensation cases, both the appellate court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division of the State Board of Workers’ Compensation. It is axiomatic that the findings of the State Board of Workers’ Compensation, when supported by any evidence, are conclusive and binding.
(Citation, punctuation and footnote omitted.) Med. Office Mgmt. v. Hardee, 303 Ga. App. 60, 61 (693 SE2d 103) (2010). So viewed, the evidence shows that on January 27, 2012, Pamela Chambers was employed as an firefighter/EMT for Monroe County. After returning from a call to the fire station, she sat down at a desk to complete some paperwork and then remained at the desk watching television. Her supervisor asked her to get up from the desk so that he could use it. When she rose from her chair, Chambers felt and heard a “pop” in her left knee. She continued to work, but as the pain increased she went to the emergency room. She had knee surgery and will probably need a knee replacement.
The ALJ found the injury compensable on the basis that Chambers was required to be in the location where she was injured and was following her supervisor’s orders. The employer appealed, and the Appellate Division vacated the ALJ’s award. It found “no evidence that the Employee slipped, tripped, or fell or came in contact with any object or hazard that increased her risk of injury,” but that she simply rose from a seated position. The Appellate Division therefore concluded that Chambers had failed to show a causal connection between her employment and her injury or that her injury arose out of her employment. The superior court affirmed, noting the deference it was required to give the findings of the Appellate Division, and finding that some evidence in the record supported the award. From this judgment, Chambers appeals.
The legal standard governing whether an injury “arises out of” employment is well established. In Chaparral Boats v. Heath, 269 Ga. App. 339 (606 SE2d 567) (2004), a 12-judge whole court decision,[1] we held:
Where the injury would have occurred regardless of where the employee was required to be located, and results from a *405 risk to which the employee would have been equally exposed apart from any condition of the employment, there is no basis for finding a causal connection between the employment and the injury, and no basis for compensation under the positional risk doctrine. The general rule still applies that the injury does not arise out of the employment where the causative danger is not “peculiar to the work” in a way that causally connects the employment to the injury.
(Citations omitted.) Id. at 343. In Chaparral Boats, Heath was walking “at a quicker than normal pace” across her employer’s parking lot in order to get to work on time when she “felt popping and pain in her left knee.” Id. at 339.
[T]he ALJ found upon review of the evidence that Heath’s knee injury was not the result of a slip, trip, fall, or contact with any object, and that there was no evidence Heath claimed any particular cause. The evidence showed that, when the knee injury occurred, Heath was simply walking at a pace of her own choosing.
Id. at 344 (1). Accordingly, we reversed the superior court’s order concluding that the Board erred in denying benefits because the injury did not arise out of Heath’s employment. Id. at 348.
Similarly, in St. Joseph’s Hosp. v. Ward, 300 Ga. App. 845 (686 SE2d 443) (2009), a nurse injured her knee when she turned to get a cup of water for a patient. Id. at 846. The Appellate Division found that “the employee was not exposed to any risk unique to her employment by standing and turning, and that, in turning, she did not come into contact with any object or hazard of employment.” Id. at 847. Once again, we reversed the superior court for substituting its judgment for that of the Board. Id. at 848 (1).
At the hearing, Chambers testified that she did not get up from her chair in an unusual manner. She offered no testimony to establish any causal connection between her employment and her injury: for example, that the chair or desk configuration caused her to lose her balance or strain to reach a standing position, that a work-related emergency such as a fire alarm caused her to jump out of the chair in a hurried manner, or that she came in contact with any object or hazard such as the desk, stairs, or a piece of equipment.
Chambers relies almost exclusively upon Harris v. Peach County Bd. of Commrs., 296 Ga. App. 225 (674 SE2d 36) (2009), arguing that we should apply across the board that case’s affirmance of the Appellate Division’s finding that the employee’s activity arose out of *406 employment. In Harris, the claimant, a custodian, dropped a pill on the floor. She injured her knee when she bent over to pick it up after her supervisor pointed it out to her. Id. at 226. The Board concluded that picking up obj ects from the floor was part of the claimant’s duties as a custodian, but the superior court reversed, concluding that her injury arose solely from her obesity, which placed unusual strain on her knee. Id. at 226-227. We reversed the superior court’s judgment, observing:
[T]he operative question is whether the claimant performed the activity in furtherance of her job duties, and this is a question of fact that is committed to the factfinder at the administrative level. In Chaparral Boats, the factfinder found that under the circumstances walking did not constitute an employment function, and we deferred to that finding. In this case, the factfinder found that under the circumstances bending over to pick up an object, even though it was the claimant’s personal medication, did constitute an employment function, and, again, we defer to that finding because the fact-finding body must in each case remain the final arbiter of the compensability of the injury and of whether the claimant’s disability arose out of the employment as well as in the course of it.
(Citations, punctuation and footnotes omitted; emphasis supplied.) Id. at 228-229.[2]
While the dissent asserts that we nevertheless may review de novo the findings of the Board in the case before us, the cases cited do not support the assertion that the Board’s determination of whether an injury “arises out of” employment is subject to de novo review. In Renu Thrift Store v. Figueroa, 286 Ga. App. 455 (649 SE2d 528) (2007), the compensability of an injury was not at issue. In deciding the appropriate benefits and penalties due a claimant after a unilateral suspension of benefits by the employer, we construed three statutory provisions of the Workers’ Compensation Act governing a statute of repose, a penalty for delayed payment by the employer, and the award of attorney fees. And in Thornton v. Hartford Accident & Indem. Co., 198 Ga. 786 (32 SE2d 816) (1945), our Supreme Court reversed this court and applied the broad “traveling salesman” rule *407 to uphold the original finding of the Board, affirmed by the superior court, that the claimant’s death from slipping on a wet street arose in the course of his employment. The court observed, “It has been so repeatedly held that where there is any competent evidence to sustain a finding by the board such finding is conclusive and binding on a reviewing court, that no citations are deemed necessary.” Id. at 792. It held that the Board’s original finding that the injury arose out of the claimant’s employment “was authorized, and we think demanded, since the facts were undisputed.” Id. at 795. It did not apply the principle of de novo review to overturn the Board’s finding as to a mixed issue of law and fact, as to which deference to the Board’s findings is required as in Chaparral Boats and St. Joseph’s.
It is for this reason that Harris (which found that an injury was compensable) and Chaparral Boats and St. Joseph’s (which found that it was not), present no question of law for de novo review. All are consistent in holding that the superior courts (and this court) may not substitute their judgment for that of the Board on the question of whether an injury arose out of the claimant’s employment. To hold otherwise would work a dramatic alteration in our long-standing “any evidence” rule in this regard.
An injury arises out of one’s employment where there is a causal connection between the employment and the injury. The claimant carries the burden of establishing causation. Factual questions concerning causation are properly left to the State Board to determine rather than to the superior court or the appellate courts, and the Board’s findings must be affirmed if there is any evidence to support them.
(Citations and punctuation omitted.) Hughston Orthopedic Hosp. v. Wilson, 306 Ga. App. 893, 895 (1) (703 SE2d 17) (2010). There, we reversed the superior court because some evidence supported the Board’s finding that the employee had not suffered a compensable work-related injury.
Here, there was some evidence to support the Board’s determination that Chambers’ injury had no causal connection to her employment, and we may not disturb it. We therefore affirm the judgment of the superior court.

Judgment affirmed.

Ellington, P. J., Doyle, P. J., Dillard and Branch, JJ., concur. Barnes, P. J., and Miller, J., dissent.

 Three judges concurred specially, agreeing with the result but contending that an earlier case need not he overruled. 269 Ga. App. at 349-350.

 The dissent is incorrect in asserting that a request or order from a supervisor renders a claim compensable as a matter of law, and we did not rely upon such a principle in Harris. There, as here, we explicitly deferred to the Board on the mixed question of law and fact as to whether an injury arose out of the claimant’s employment.