**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 16, 2018**

# In the Court of Appeals of Georgia

A17A1469.  CARTERSVILLE  CITY  SCHOOLS  et  al.  v. JOHNSON.

BETHEL, Judge.

In this workers' compensation action, an administrative law judge ("ALJ") for the State Board of Workers' Compensation granted Celia Norris Johnson's claim for benefits after finding that she sustained an injury arising out of and in the course of her employment. The Board's Appellate Division ("Appellate Division") reversed the ALJ's decision, finding no evidence to support the award, and denied benefits. Johnson then appealed to the Superior Court of Bartow County, which reversed the Appellate Division, thus reinstating the award of benefits to Johnson. Pursuant to a granted application for discretionary appeal, Cartersville City Schools and Technology Insurance Company (collectively, "Cartersville City Schools") now

appeal, arguing the superior court made several errors in reaching its decision. We affirm because the Appellate Division misconstrued the legal framework for determining whether an injury arose out of employment and therefore rendered a decision contrary to law.[1]

Pursuant to OCGA § 34-9-103 (a), "[a]ny party dissatisfied with a decision of an [ALJ] of the trial division of the State Board of Workers' Compensation may appeal that decision to the [A]ppellate [D]ivision of the State Board of Workers' Compensation which shall have original appellate jurisdiction in all workers' compensation cases." "The Appellate Division is authorized to weigh the evidence of record and assess the credibility of witnesses." *Stokes v. Coweta Cty. Bd. of Educ.*, 313 Ga. App. 505, 506 (722 SE2d 118) (2012) (citation and punctuation omitted).

> If, after assessing the evidence of record, the Appellate Division determines that the findings of the ALJ were supported by a preponderance of the competent and credible evidence, the Appellate Division must accept the factual findings of the ALJ. But, if after assessing the evidence of record, the [A]ppellate [D]ivision concludes

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of overruling *St. Joseph's Hospital v. Ward*, 300 Ga. App. 845.

2

the award does not meet the statute's evidentiary standards, the [A]ppellate [D]ivision may substitute its own alternative findings for those of the ALJ, and enter an award accordingly.

*Id.* (citations omitted).

Pursuant to OCGA § 34-9-105 (b), the parties have a right of direct appeal to the superior court after a workers' compensation decision becomes final at the administrative level. "As a reviewing court, the superior court applies an any-evidence standard of review to the Board's findings of fact, construing the evidence in the light most favorable to the party prevailing before the Board, and lacks authority to substitute itself as a fact-finding body in lieu of the Board." *Stokes*, 313 Ga. App. at 506 (citations omitted). But "erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law are subject to the de novo standard of review" in the superior court. *Home Depot v. McCreary*, 306 Ga. App. 805, 809 (2) (703 SE2d 392) (2010) (citation and punctuation omitted). "Appeals to this Court are governed by the same standards of review as appeals to the

superior court under OCGA § 34-9-105." *Stokes*, 313 Ga. App. at 507 (citations omitted).[2]

Viewed in the light most favorable to Cartersville City Schools as the party which prevailed before the Board's Appellate Division, the record shows the following. On October 7, 2014, Johnson was teaching fifth grade at Cartersville Elementary School. While instructing the students, Johnson walked back to her desk to put an image up on the smartboard. She then turned from her computer and desk to walk back to the front of the classroom and fell, injuring her knee.

Following the surgical repair of her knee, Johnson filed a workers' compensation claim. At the administrative hearing on her claim, the only issue in contention between the parties was whether Johnson's knee injury arose out of her employment or was a non-compensable "idiopathic" injury. The ALJ found Johnson's knee injury to be causally connected to her employment and granted workers' compensation benefits. Specifically, the ALJ determined that Johnson's necessary swift movements and the configuration of her classroom caused her to "place acute stress on her knee resulting in the injury she sustained." The ALJ went on to find that

---

[2] An appeal to this Court from a decision of a superior court reviewing a decision of the Board is not a matter of right but rather is discretionary. OCGA § 5-6-35 (a) (1). *See also Stokes*, 313 Ga. App. at 507.

these "external factors . . . created a risk and caused a danger which was peculiar to her work environment that causally connects her employment to her injury."

Cartersville City Schools appealed the decision to the Appellate Division, arguing the ALJ erred in finding Johnson's injury arose out of her employment and was not idiopathic. The Appellate Division reversed the ALJ's decision, finding no evidence to support the ALJ's determination that Johnson's knee injury was caused by her having to weave through the tight classroom configuration. The Appellate Division further concluded that Johnson's knee injury was not compensable because "the act of turning and walking was not a risk unique to [her] work, and is a risk to which she would have been equally exposed apart from the employment." Rather, the Appellate Division concluded that Johnson's "injury was caused by an idiopathic fall[.]"

Johnson appealed to the Bartow County Superior Court, which reversed the Appellate Division and reinstated the workers' compensation award. In its order, the superior court noted that the Appellate Division had employed an incorrect legal standard regarding causation when reaching its decision, and reasoned that the Appellate Division's standard "would label any injury that could be incurred off-site as 'idiopathic.'" The superior court further held that there was no evidence to indicate

5

that Johnson's fall was idiopathic because her injury "arose out of her performing her duties as a classroom teacher." This appeal by Cartersville City Schools followed.

Cartersville City Schools first argues that the superior court exceeded its authority and (a) improperly shifted the burden of demonstrating an accident to it, (b) deviated from the findings of fact reached by the Appellate Division, (c) improperly re-weighed evidence, and (d) failed to view evidence in the light most favorable to the party prevailing before the Appellate Division in violation of OCGA § 34-9-105 (c). Cartersville City Schools further argues that the superior court violated stare decisis and applied a new legal standard in finding that Johnson did not sustain an idiopathic injury.

For an accidental injury to be compensable under the Workers' Compensation Act, the injury must not only occur in the course of the employment, but also must arise out of the employment. OCGA § 34-9-1 (4). *See also Chaparral Boats, Inc. v. Heath*, 269 Ga. App. 339, 340 (606 SE2d 567) (2004). Cartersville City School does not dispute the finding that Johnson sustained her knee injury in the course of employment because it occurred while she was teaching in her classroom. Rather, the disputed issue is whether Johnson carried her burden of showing by a preponderance

6

of the evidence that her accidental injury arose out of her employment. *See Chaparral Boats, Inc.*, 269 Ga. App. at 340.

Pursuant to OCGA § 34-9-105 (c), in the absence of fraud, the factual findings of the Appellate Division are conclusive, but its decision may be set aside if it is found that the facts do not support the decision, there is not sufficient competent evidence in the record to warrant making the decision, or the decision is contrary to law, among other things. *See* OCGA § 34-9-105 (c) (3-5).

Here, the superior court held that the Appellate Division's conclusion that Johnson's fall was idiopathic was not supported by the evidence because her injury "arose out of her performing her duties as a classroom teacher." The superior court further held that the Appellate Division employed the incorrect legal standard to determine causation. The superior court held that an injury arises out of employment where the injury results "from a risk reasonably incident to the employment" and went on to note that "a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service." In holding that the Appellate Division committed legal error in determining the correct legal standard to apply when determining causation, the superior court stated that this

7

Court's decisions in *Chaparral Boats*[3] and *St. Joseph's Hospital v. Ward*[4] would "render almost any injury to be not compensable unless the employee is run through by a patented, proprietary Hyster pole." According to the superior court, the Appellate Division's construction of the term "idiopathic" used "a standard that would label any injury that could be incurred off-site as idiopathic." The superior court noted that this was erroneous, and that "[s]imply because an injury could occur elsewhere does not make it automatically 'idiopathic.'" Thus, the superior court concluded, in rendering its causation analysis, that the Appellate Division misapplied the legal term "idiopathic."

In determining whether the superior court erred in reversing the Appellate Division, we must consider whether the Appellate Division correctly applied the law, and whether the record establishes some evidence that Johnson's knee injury was not compensable because it did not arise out of her employment. *See Chambers v. Monroe Cty. Bd. of Comm'rs*, 328 Ga. App. 403, 403-404 (762 SE2d 133) (2014). "The legal standard governing whether an injury arises out of employment is well established." *Id.* at 404.

---

[3] 269 Ga. App. 339 (606 SE2d 567) (2004).

[4] 300 Ga. App. 845 (686 SE2d 443) (2009).

8

For an accidental injury to arise out of the employment there must be some causal connection between the conditions under which the employee worked and the injury which [s]he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. An injury arises out of the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury.

*Chaparral Boats, Inc.*, 269 Ga. App. at 340-41 (citations omitted). But

[w]here the injury would have occurred regardless of where the employee was required to be located, and results from a risk to which the employee would have been equally exposed apart from any condition of the employment, there is no basis for finding a causal connection between the employment and the injury, and no basis for compensation under the positional risk doctrine. The general rule still applies that the injury does not arise out of the employment where the causative danger is not peculiar to the work in a way that causally connects the employment to the injury.

*Id.* at 343 (citations omitted). "The operative question is whether the claimant performed the activity in furtherance of her job duties, and this is a question of fact

9

that is committed to the fact-finder at the administrative level." *Chambers*, 328 Ga. App. at 406 (citing *Harris v. Peach Cty. Bd. of Comm'rs*, 296 Ga. App. 225, 228 (674 SE2d 36) (2009). "The claimant carries the burden of establishing causation." *Hughston Orthopedic Hosp. v. Wilson*, 306 Ga. App. 893, 895 (1) (703 SE2d 17) (2010) (citation omitted). We defer to the factual findings of the Board where there is any evidence to support it. *Chambers*, 328 Ga. App. at 407 ("It has been so repeatedly held that where there is any competent evidence to sustain a finding by the board such finding is conclusive and binding on a reviewing court, that no citations are deemed necessary." (citation omitted)). Neither the superior court nor this Court may substitute its judgment for that of the Board with respect to the determination of the factual cause of a claimant's injury. *Id.* "To hold otherwise would work a dramatic alteration in our long-standing 'any evidence' rule in this regard." *Id.* While conclusive if supported by any evidence, such factual determinations are not immune from a legal review concerning the applicability of the law to the facts.

"[T]he fact-finding body must in each case remain the final arbiter of the compensability of the injury and of whether the claimant's disability arose out of the

employment as well as in the course of it,"[5] and we agree that in this case the superior court did not sufficiently defer to the fact-finding of the Appellate Division. However, this does not end our inquiry. It remains the responsibility of this Court to review the legal framework within which the fact-finder operated, and thus to define what "arising out of" employment means as a matter of law.

Here, the Appellate Division set forth the above referenced legal standard regarding causation in its order. However, it erred in its analysis with respect to the legal framework for determining whether an injury arises out of employment, and relatedly, its determination of what constitutes an idiopathic injury. In its order, the Appellate Division found that Johnson's act of "turning and walking was not a risk unique" or peculiar to her work, and was "a risk to which she would have been equally exposed apart from the employment," and that therefore her injury resulted from an "idiopathic fall" and was not compensable.

In so holding, it appears that the Appellate Division fell prey to the confusion that our case law has sown. As a preliminary matter, in considering whether an injury

---

[5] *Harris*, 296 Ga. App. at 229 (citation and punctuation omitted). *See also Chambers*, 328 Ga. App. at 407 (deferring to fact-finding body's determination of whether injury had a causal connection to employment and therefore was compensable).

arose out of employment, the focus should be on the causal link between the injury and the employee's work-related conditions or activity. *See Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994); *Fried v. U.S. Fid. & Guar. Co.*, 192 Ga. 492, 495-496 (15 SE2d 704) (1941); *Chaparral Boats*, 269 Ga. App. at 340-41; *Davis v. Houston Gen. Ins. Co.*, 141 Ga. App. 385, 386 (233 SE2d 479) (1977); *Borden Foods Co. v. Dorsey*, 112 Ga. App. 838, 839 (3) (146 SE2d 532) (1965).[6]

But where the Appellate Division erred, due in large part to the quagmire in this area of the law, is in interpreting and applying what the Georgia Supreme Court and our Court have meant in holding that injuries do not arise out of employment where they "cannot fairly be traced to the employment as a contributing proximate cause, and *which comes from a hazard to which the workmen would have been equally exposed apart from employment*." *Fried*, 192 Ga. at 495 (emphasis supplied). *See also Chambers*, 328 Ga. App. at 404-405; *Chaparral Boats*, 269 Ga. App. at 343-346.

The Appellate Division overlooked the proximate cause requirement and focused on the concept of equal exposure, interpreting it to mean that because

---

[6] Borden was overruled by *Johnson v. Publix Supermarkets*, 256 Ga. App. 540, 541-42 (568 SE2d 827) (2002), which was later disapproved of by *Chaparral Boats, Inc.*, 269 Ga. App. at 346-347.

Johnson could have fallen outside of work while walking and turning, as she did while she was at work, and nothing particular about the classroom appears to have caused the fall,[7] that her injury resulted from an idiopathic fall and is not compensable. But just because an employee could theoretically be exposed to a hazard outside of work that mirrors that which he or she must face while at work does not render an injury resulting from that workplace hazard non-compensable. *See Harris*, 296 Ga. App. at 230. To hold otherwise would render virtually any case in which an employee is walking, turning, or standing (or some combination of these activities) while performing his or her job non-compensable. Thus, to the extent that *St. Joseph's Hosp. v. Ward*, 300 Ga. App. 845, 848 (1) (686 SE2d 443) (2009) holds that an activity is not compensable because an employee could have engaged in the activity giving rise to the injury outside of work,[8] it must be and is overruled.

---

[7] Johnson disputes this and argues that her knee injury resulted from her having to weave through the tight classroom configuration at a rapid pace. The record shows that Johnson testified that she was hurrying around her classroom while instructing the children that day, and that she fell while navigating her way between the corner of her desk and the table that was right next to it. But, we must accept the Appellate Division's factual determination on this part.

[8] In *St. Joseph's Hospital*, this Court opined that a nurse's knee injury that she sustained while turning to get a patient some water was not compensable because "standing and turning" were not risks unique to her employment. 300 Ga. App. at 846, 848 (1).

13

Rather, to be a compensable injury that arises out of employment, the injury must either be caused by activity the employee engaged in as part of his or her job, or the injury must result from some "special danger of the employment[.]"[9] *U.S. Cas. Co. v. Richardson*, 75 Ga. App. 496, 499 (2) (43 SE2d 793) (1947) (employee suffered a seizure and then struck his head on a sharp corner of a table present in the workplace, causing a skull fracture and brain injury, which was compensable). *See also Harris*, 296 Ga. App. at 228-230 (employee was carrying out job duties when she bent over to pick up a pill and injured her knee). *Compare Murphy v. ARA Servs., Inc.*, 164 Ga. App. 859, 861-863 (298 SE2d 528) (1982) (assault in the workplace did not arise out of employment where it did not arise over any work-related dispute and conditions were not such that they increased the risk of attack); *Davis*, 141 Ga. App. at 385-87 (no evidence that back injury sustained while putting on a coat "was related in any way to or caused by the peculiar nature of her duties"). That is, the activity or hazard resulting in injury must be "incidental to the character of the business, and not independent of the relation of master and servant." *Fried*, 192 Ga. at 495.

---

[9] For example, with respect to the positional risk doctrine, an injury may arise out of employment if a duty related to the employment placed the employee in a locale which exposed the employee to a common risk. *See Chaparral Boats, Inc.*, 269 Ga. App. at 341-43.

For example, in *Chaparral Boats*, the employee's knee injury she sustained while walking across company property to "clock in" did not arise out of her work and was not compensable because the injury did not arise from her engagement in activity required for her work, and the injury did not result from a slip, trip, fall, or contact with any hazard of her workplace. 269 Ga. App. at 339, 344 (1). *Accord Borden Foods*, 112 Ga. App. at 839-840 (4).

Further, an injury that occurs in the workplace but is idiopathic — meaning that the injury is "peculiar to the individual or arises[s] spontaneously or from an obscure or unknown cause"[10] — and has no causal connection to workplace activity or conditions, would not fall within the scope of the Workers' Compensation Act. Rather, in this context, idiopathy is used to describe injuries sustained at work that are unrelated to, or do not occur while engaged in, work. Here, the undisputed facts as found by both the ALJ and Appellate Division reveal that Johnson was actively engaged in the movements and behaviors required of her as a classroom teacher when she was injured as a result of one or more of those movements. This is not an idiopathic injury.

---

[10] *Sturgess v. OA Logistics Servs., Inc.*, 336 Ga. App. 134, 138 n. 11 (784 SE2d 432) (2016) (citation and punctuation omitted).

Thus, because the Appellate Division misconstrued the legal framework for determining whether an injury arose out of employment and therefore rendered a decision contrary to law, the superior court was authorized to set aside the Appellate Division's decision. *See* OCGA § 34-9-105 (c) (5).

*Judgment affirmed. Branch, J., concurs. McFadden, P. J., concurs fully and specially.*

16

A17A1469. CARTERSVILLE CITY SCHOOLS et al. v. JOHNSON.

MCFADDEN, Presiding Judge, concurring fully and specially.

I write separately because the majority cites *Chambers v. Monroe County Bd. of Comm'rs*, 328 Ga. App. 403) (762 SE2d 133) (2014). Certain language in *Chambers* is in conflict with well-established standards of review in workers' compensation cases. I am able to concur fully because the majority does not rely on the incorrect language in *Chambers*. But my full concurrence is subject to the qualification that this opinion may not be cited as an endorsement of that incorrect language. See Court of Appeals Rule 33.2.

In *Chambers*, this court held "that the superior courts (and this court) may not substitute their judgment for that of the [Appellate Division of the State Board of Workers' Compensation] on the question of whether an injury arose out of the

claimant's employment. To hold otherwise would work a dramatic alteration in our long-standing 'any evidence' rule in this regard." Id. at 407. To the extent this language suggests that this court may not conduct a de novo review of the board's application of the law to undisputed facts on the issue of whether an injury arose out of a claimant's employment, it is in conflict with settled case law setting forth the standards of review in such cases.

The judicial standards of review governing workers' compensation cases are well-established.

> In reviewing a workers' compensation benefits award, both this [c]ourt and the superior court must construe the evidence in a light most favorable to the party which prevailed before the [b]oard. It is axiomatic that the findings of the [board], when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the [b]oard. *However, we review de novo erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law*.

*Sanchez v. Carter*, 343 Ga. App. 187 (___ SE2d ___) (2017) (citations and punctuation omitted; emphasis supplied). Accord *Brasher v. US Xpress Enters.*, 328 Ga. App. 20, 21 (761 SE2d 448) (2014); *Heritage Healthcare v. Ayers*, 323 Ga. App. 172, 172-174 (746 SE2d 744) (2013).

2

"The issue of whether an injury arises out of and in the course of employment and so is compensable under the workers' compensation law is a mixed question of fact and law. The finder of fact must first hear all the relevant evidence concerning the injury and, after finding the facts with regard thereto, render a conclusion of law on whether it was job-related." *Lavine v. American Ins. Co.*, 179 Ga. App. 898, 900 (348 SE2d 114) (1986) (citation and punctuation omitted). Accord *Blair v. Georgia Baptist Children's Home & Family Ministries*, 189 Ga. App. 579 (377 SE2d 21) (1988); *Knight v. Gonzalez*, 181 Ga. App. 468, 469 (352 SE2d 646) (1987); *Utz v. Powell*, 160 Ga. App. 888, 889 (1) (288 SE2d 601) (1982). See also *Hennly v. Richardson*, 264 Ga. 355, 358 (444 SE2d 317) (1994) (dissent). But "where . . . the facts in a workmen's compensation case are undisputed, whether the injury arose out of and in the course of employment is a question of law." *Parker v. Travelers Ins. Co.*, 142 Ga. App. 711, 712 (1) (236 SE2d 915) (1977) (citation and punctuation omitted). Accord *Thornton v. Hartford Acc. &c. Co.*, 198 Ga. 786, 795 (32 SE2d 816) (1945) ("The facts being undisputed, whether the injury arose out of and in the course of the employment is a question of law[.]"); *Lee v. Sears*, 223 Ga. App. 897 (479 SE2d 196) (1996) ("Whether an injury arises out of and in the course of employment

3

is generally a mixed question of law and fact. But where, as here, the material facts are not in dispute, that issue may be determined as a matter of law.").

So in a case like this one, where the dispositive facts are undisputed and thus the issue of whether an injury arose out of and in the course of employment is a question of law, under the well-established standards of review recited above, this court is required to conduct a de novo review of the board's decision to determine whether there had been an erroneous application of the law to those undisputed facts. To the extent that *Chambers*, supra, can be read to suggest that this Court is bound to uphold the board's decision in such a case under the any evidence rule, it is incorrect under our well-established case law.

Nevertheless, as noted above, the majority in this case does not rely on the incorrect language in *Chambers*. So I concur fully.

4