[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 21-11047
Non-Argument Calendar

————————————————

D.C. Docket No. 1:19-cv-05501-LLM

MARY JO FORTIN,

Plaintiff-Appellant,

versus

AT&T SERVICES, INC.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(September 22, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Mary Jo Fortin appeals the district court's summary judgment in favor of

AT&T Services, Inc., on her negligent hiring and retention claims. Fortin argues that

the district court incorrectly held that her tort action against AT&T was precluded by the exclusive remedy provision of Georgia's Workers' Compensation Act. Upon consideration, we conclude that her arguments lack merit and affirm the district court's grant of summary judgment.

## I.

Fortin began work in AT&T's Alpharetta, Georgia office in 2017. She worked as a Reports Clerk in the Finance Department. One of Fortin's co-workers was Pearl Bailey. Bailey began complaining about Fortin's work performance shortly after Fortin began working in the Alpharetta office. Several months after starting work, Fortin had a physical encounter with Bailey while walking down an aisle in the office. Fortin states that, as she tried to move past Bailey, Bailey "violently and forcibly thrust her body" and elbow into her. Neither Fortin nor Bailey said anything to each other immediately prior to or immediately after the incident, though Fortin testified that Bailey gave her "a look of personal animosity after she assaulted [Fortin]." There were no other witnesses. The incident occurred during work hours and while Fortin and Bailey were both at work.

Fortin sued AT&T for negligent hiring and retention of Bailey and vicarious liability. She sought damages for injuries that she alleged occurred as a result of her encounter with Bailey. After discovery, AT&T filed a motion for summary judgment. AT&T argued that Fortin's injuries arose wholly out of and in the course

2

of Fortin's employment with AT&T, and that Fortin's exclusive remedy against AT&T is provided by the Georgia Workers' Compensation Act, O.C.G.A. § 34-9-11. Where it applies, the Act precludes recovery in tort for covered injuries. The district court agreed and granted AT&T's motion on that basis. Fortin appealed.

## II.

We review a district court's grant of summary judgment *de novo*, viewing all the evidence—and drawing all reasonable factual inferences—in favor of the nonmoving party. *See Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020). "A grant of summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). "But it is improper if a reasonable jury could find for the non-moving party." *Id.* Once the movant has carried its burden, the burden shifts to the non-movant, and "[o]vercoming that burden requires more than speculation or a mere scintilla of evidence." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1122 (11th Cir. 2014).

## III.

The district court held that the injuries that Fortin suffered at the hands of Bailey arose out of and in the course of her employment. And it concluded that because Fortin's tort claims derive entirely from the incident with Bailey, they are precluded under Georgia's Workers' Compensation Act. On appeal, Fortin argues

that the incident with Bailey arose due to personal animosity Bailey held toward her unrelated to work. AT&T responds that Bailey's assault on Fortin arose out of and in the course of Fortin's employment, and that the Act therefore precludes Fortin's tort suit. For the reasons given below, we agree with AT&T.

Georgia's Workers' Compensation Act provides that "[t]he rights and the remedies granted to an employee by this chapter shall exclude and be in place of all other rights and remedies of such employee . . . and all other civil liabilities whatsoever at common law or otherwise, on account of such injury . . . ." O.C.G.A. § 34-9-11. This exclusive remedy provision applies to intentional torts committed by a co-worker, unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business. *See Webster v. Dodson*, 522 S.E.2d 487, 489 (Ga. Ct. App. 1999). Whether a tort was committed for reasons related to the conduct of the employer's business depends on whether the injury "arose out of and in the course of [the plaintiff's] employment . . . ." *Hennly v. Richardson*, 444 S.E.2d 317, 319 (Ga. 1994). The arising "out of" and "in the course of" elements are separate requirements that must both be met for an injury to be covered under the Act. *See Potts v. UAP-Ga. Ag. Chem., Inc.*, 506 S.E.2d 101, 102 (Ga. 1998).

The district court correctly concluded that Fortin's injuries arose both "out of" and "in the course of" her employment with AT&T. First, Fortin's injuries arose "out of" her employment with AT&T. "An injury arises 'out of' the employment

4

when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury." *Hennly*, 444 S.E.2d at 319. When the injury is caused by an intentional tort committed by a co-worker, the injury arises out of a plaintiff's employment unless the tortfeasor was motivated by personal animosity unrelated to the employee's performance of her job. *See Baldwin v. Roberts*, 442 S.E.2d 272, 274 (Ga. Ct. App. 1994); *Western Waterproofing Co. v. Rogers*, 420 S.E.2d 606 (Ga. Ct. App. 1992).

Here, the record is replete with evidence that Bailey's motivation for assaulting Fortin was work-related. Fortin herself testified that Bailey began complaining about Fortin's job performance "immediately" after the two began working together. She stated that Bailey "was demanding that I do my job the way she wanted it done." Fortin emailed her supervisor after the incident, telling her that Bailey's "aggressive approach and her condescending tone make me very uncomfortable" and that Bailey "should be going to you if she has a problem with my work." When asked whether Bailey's condescending tone concerned work-related problems, Fortin replied: "Yes. She wanted [my work] done the way she wanted it done." Bailey, when asked whether she "ever ha[d] any personal issues with" Fortin, replied: "Personal, no. Everything was work-related."

5

To avoid summary judgment, Fortin must introduce evidence that creates a genuine dispute regarding Bailey's motivation for assaulting Fortin. *See Whitehead v. BBVA Compass Bank*, 979 F.3d 1327, 1328 (11th Cir. 2020). In other words, she must provide some evidence that Bailey's motives were personal as opposed to work-related. She has failed to produce any.

Fortin points to three pieces of evidence in the record, but none of them reflect that Bailey's motives were personal instead of work-related. Fortin first relies on a separate incident in which Bailey allegedly assaulted another AT&T employee, and which, in her view, shows that Bailey is "plainly a bully" who was "allowed by [AT&T] to bully employees physically without consequences." But that prior incident sheds no light on whether Bailey's frustration with Fortin was work-related or not. Next, Fortin contends that Bailey's motivation for assaulting Fortin could not have been work-related because such behavior is prohibited by AT&T's company policies. But under Georgia law, injuries stemming from an intentional tort that violates company policy can be covered under the Act if the underlying dispute was work-related. *See Wall v. Phillips*, 436 S.E 2d 517 (1993). Finally, Fortin states: "Bailey did not say or indicate when she assaulted me on November 7, 2017 that her assault was about work; however, she looked at me with a look of personal animosity after she assaulted me." But a single "look" unaccompanied by any verbal communication, weighed against the vast amount of evidence that Bailey's

6

motivation for assaulting Fortin was work-related, is—at very best—the kind of "speculation" or "mere scintilla of evidence" that does not create a genuine dispute about the source of Bailey's animus. *Paylor*, 748 F.3d at 1122. Accordingly, the district court did not err in finding that the motivation for Bailey's assault was work-related and that Fortin's injuries consequently arose out of her employment with AT&T.

Second, Fortin's injuries arose in the course of her employment. "An injury arises 'in the course of' employment when it occurs within the period of the employment, at a place where the employee may be in performance of her duties and while she is fulfilling or doing something incidental to those duties." *Hennly*, 444 S.E.2d at 319. Here, the parties do not dispute that the incident occurred at their place of work and during work hours. The assault occurred while Fortin was attempting to walk down an aisle in her workplace—either fulfilling her work duties or doing something incidental to them. Fortin does not argue that her passage through the aisle was for a non-work-related purpose, and no evidence in the record suggests that the district court erred in finding that her presence in the aisle was work-related. Accordingly, Fortin's injuries arose in the course of her employment.

The district court correctly concluded that Fortin's altercation with Bailey arose both "out of" and "in the course of" her employment." *Hennly*, 444 S.E.2d at 319. Accordingly, any injuries Fortin sustained from that incident are covered by

Georgia's Workers' Compensation Act, and the Act's exclusive remedy provision precludes a tort suit against AT&T.

## IV.

The district court's judgment is **AFFIRMED.**