[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11735

Non-Argument Calendar

_____

MARQUICE D. ROBINSON,

                                        Plaintiff-Appellant,

*versus*

MICHAEL HOLMAN,
AKAL SECURITY, INC
UNITED STATES MARSHALS SERVICE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:17-cv-03658-WMR

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Marquice Robinson appeals the district court's dismissal of his suit against Akal Security, Inc., the United States Marshals Service ("USMS"), and Michael Holman.  We find no error in the district court's orders, and so we affirm.

## I.

Robinson was an employee of Akal, which contracted with USMS to provide security for the Richard B. Russell Federal Building in Atlanta, Georgia.  He worked as a court security officer for approximately three years before being fired on January 6, 2017.  Robinson alleges that during those three years, he and a fellow security officer were harassed because of their sexuality.  After complaining to his supervisors, Robinson claims, Akal and USMS retaliated against him in a variety of ways, including by changing his "schedule weekly in an effort to harass him and cause him to violate time rules."

Robinson also claims that he was assaulted by Michael Holman, a lead court security officer.  Holman and a supervisor called Robinson into a meeting to discuss his tardiness to work a few days earlier.  At this meeting, Robinson claims that Holman, without being provoked, "puff[ed] out his chest" to threaten

Robinson and then struck him in the face, causing Robinson's mouth to bleed.

Robinson—in a counseled complaint—alleged Title VII retaliation claims against Akal and USMS, state-law claims of defamation and false light invasion of privacy against Akal, and state-law claims of battery and assault against both Akal and Holman.[1]  Robinson also filed a motion for sanctions for spoliation of evidence against Akal and Holman, arguing that Akal failed to preserve certain audio and video evidence.  He later requested leave to add USMS to the motion, which the magistrate judge denied.  In a series of orders, the district court granted summary judgment to Akal and USMS on all claims, dismissed Robinson's motion for spoliation sanctions against Akal, and granted Holman judgment on the pleadings.  Robinson appealed.

## II.

Robinson first argues that the district court erred by denying his sanctions motion for spoliation of evidence.  This Court reviews a district court's decision regarding spoliation sanctions for abuse of discretion.  *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1177 (11th Cir. 2020).  Here, the court had already granted Akal summary judgment on all claims by the time it denied Robinson's motion for sanctions.  Because the party to be sanctioned was no longer party to the case, the district court dismissed the motion without

---

[1] Robinson's counsel subsequently withdrew from the case, and Robinson proceeded po se.  On appeal, Robinson does not argue that the district court improperly dismissed his defamation and false light invasion of privacy claims.

prejudice. The district court was careful to avoid prejudicing Robinson's case, allowing Robinson to re-file his arguments as a motion *in limine* if the evidentiary issues had any bearing on the remaining claims. This was not an abuse of discretion, and Robinson cites to no authority establishing otherwise.

Robinson argues that, because Akal failed to respond to the sanctions motion, it abandoned any defense and the district court ought to have granted the motion. But as the moving party, Robinson bore the burden of convincing the court that spoliation sanctions were warranted, and he failed to carry that burden. Robinson also takes issue with the magistrate judge's refusal to let him amend the motion to add arguments against USMS. Again, Robinson cites to no authority suggesting that this was a reversible error. What's more, the magistrate judge afforded Robinson ten extra pages in his summary judgment briefing to make additional spoliation sanctions arguments against Akal and USMS. **Doc. 171.** In sum, the district court properly denied Robinson's motion for sanctions without prejudice.

## III.

Robinson next argues that the district court improperly granted summary judgment to both Akal and USMS on Robinson's retaliation claims. On appeal, Robinson argues only that the change to his work schedule was a materially adverse action. Because he does not challenge the district court's conclusion that the remaining actions were not materially adverse, he has forfeited those arguments. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th

Cir. 2008).  To prevail on a Title VII retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).  That test "capture[s] those (and only those) employer actions serious enough to 'dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Muldrow v. City of St. Louis*, 144 S. Ct. 967, 976 (2024) (alteration adopted) (quoting *White*, 548 U.S. at 68). Materially adverse actions must be more than those "petty slights, minor annoyances, and simple lack of good manners" that frequently occur at a workplace.  *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024) (quoting *White*, 548 U.S. at 68).

Here, Robinson points to only one action as materially adverse.  For a period of three months, Robinson's assigned start time frequently varied between 7:45 AM and 8:00 AM, with one week's start time at 9:45 AM—even though he should have always started at 8:00 AM according to the collective bargaining agreement.  Robinson claims that Akal intentionally manipulated his work schedule to cause him to be late for work in retaliation for Robinson's complaints about harassment.  But Robinson does not argue that he was ever late to work because of those actions.  In fact, he has not pointed to any specific way in which the schedule changes caused him any hardship.  These minor schedule changes, with nothing more, would not "dissuade a reasonable worker from making or supporting a charge of discrimination."  *White*, 548 U.S. at 57.  As alleged, they are not materially adverse actions.

Because Robinson has not provided enough evidence to create a genuine issue as to whether Akal took any materially adverse action against him, he has failed to show retaliation. *See id.* The district court therefore did not err when it granted summary judgment to Akal on Robinson's Title VII claim. Robinson also makes the same retaliation claims against USMS, arguing that USMS is liable as his joint employer. But even if USMS was his joint employer, Robinson has still failed to provide enough evidence of retaliatory intent to support his claim. So for the same reasons as with Akal, the district court properly granted summary judgment to USMS on Robinson's Title VII claims.

## IV.

Robinson next argues that the district court erred when it concluded that Akal was not liable for Holman's alleged assault under the doctrine of *respondeat superior*. We disagree.

Under Georgia law, "[e]very person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2. "Two elements must be present to render a master liable under respondeat superior: first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business." *Piedmont Hosp., Inc. v. Palladino*, 580 S.E.2d 215, 217 (Ga. 2003) (alteration adopted) (quotation omitted). The employer is not liable if the tort is committed "not in furtherance of the employer's business, but rather for *purely*

*personal reasons* disconnected from the authorized business of the master." *Id.* (quotation omitted).

Here, Robinson presented insufficient evidence to show that Holman was acting in furtherance and in the scope of his employment when he struck Robinson. The contract between USMS and Akal stated that lead security officers like Holman did "not have full formal supervisory authority and d[id] not directly supervise other employees." Robinson presents some evidence that he argues shows that Holman was his supervisor and was in charge of scheduling. But even if Holman was Robinson's supervisor, there is insufficient evidence to establish that disciplining (let alone striking) Robinson was part of Holman's employment responsibilities. And just because Holman was responsible for scheduling Robinson's shifts does not mean that Holman was "accomplishing the ends of his employment" when he assaulted Robinson. *Waters v. Steak & Ale of Georgia, Inc.*, 527 S.E.2d 592, 595 (Ga. Ct. App. 2000) (quotation omitted).

The district court did not err by granting summary judgment to Akal on the battery and assault claims.

## V.

Finally, the district court correctly concluded that Robinson's assault and battery claims against Holman are precluded by the Georgia Workers' Compensation Act.

We review a district court's grant of judgment on the pleadings de novo. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "Judgment on the pleadings is appropriate where

there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

The Georgia Workers' Compensation Act is the exclusive remedy for injuries sustained by an employee based on intentional torts committed by a coworker "unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business." *Webster v. Dodson*, 522 S.E.2d 487, 489 (Ga. Ct. App. 1999) (citing O.C.G.A. §§ 34-9-1(4), 34-9-11(a)). When the complained of injury "arose out of and in the course of" the plaintiff's employment, it did not occur due to "reasons personal to" the plaintiff. *Hennly v. Richardson*, 264 Ga. 355, 356 (1994) (quotation omitted). "An injury arises 'in the course of' employment when it occurs within the period of the employment, at a place where the employee may be in performance of her duties and while she is fulfilling or doing something incidental to those duties." *Id.* And an injury "arises 'out of' the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury." *Id.*

Accepting all factual allegations in Robinson's amended complaint as true, Robinson's injuries "arose out of and in the course of" his employment. *See id.* Robinson alleges that Holman and a supervisor held a meeting to discuss Robinson's recent tardiness to work. During the course of that meeting, tensions

23-11735                Opinion of the Court                    9

steadily rose. Robinson argued that Holman was looking at the wrong schedule, and when Holman disagreed, Robinson began to assert that he was being harassed. Holman reacted by physically threatening Robinson, ultimately striking him in the face. Robinson's injuries arose in the course of his employment because they occurred during working hours, at the workplace, and while Robinson was attending a work-related meeting. His injuries also arose "out of" his employment because there is a causal connection between the work meeting and the resulting injuries.

Robinson argues that "the animosity that gave rise to Holman's assault and battery was unrelated to [his] work performance" because Holman "made discriminatory comments about issues personal to [Robinson]" before the assault. But Robinson does not specifically allege any such discriminatory comments by Hollman in his complaint, and his argument on appeal is too conclusory to stand alone. In short, Robinson's injuries are connected to his work such that the Georgia Workers' Compensation Act is the exclusive remedy. *See Webster*, 522 S.E.2d at 489. The district court did not err when it granted Holman judgment on the pleadings.[2]

---

[2] Because Holman is entitled to judgment on the pleadings as a matter of law, it necessarily follows that Robinson is not also entitled to judgment on the pleadings. The court therefore properly denied Robinson's motion for judgment on the pleadings.

10                     Opinion of the Court                     23-11735

★    ★    ★

The district court did not err when it dismissed Robinson's claims and denied his motion for sanctions.  Accordingly, we **AFFIRM**.